2↓236. EDDLEMAN *v.* ASKEW *et al.*

JENKINS, P. J. 1. Questions as to negligence, including contributory negligence, what and whose negligence was the proximate or a contributing proximate cause of an injury, and, in automobile collision cases, whether a child guest of tender years exercised the measure of due care required by the Code under the actual circumstances of the occasion and situation, are all questions peculiarly for a jury, and not questions of law to be decided by the court either upon demurrer or by nonsuit, except in clear and palpable cases.

2. Although it is the rule in this State that the negligence of the driver of an automobile is not imputable to a person riding therein merely as a guest or invitee, and that such a guest "may, until he has notice to the contrary, assume that neither the driver nor others upon the highway will be negligent, and may also assume that the driver will exercise the proper care to avoid the negligence of others," yet "the guest can not close his eyes to known or obvious dangers arising either from the acts of the driver or from the acts of others, and if there is danger from either cause, and the circumstances are such that it would become apparent to a person of ordinary prudence in like circumstances, then it is the duty of the guest to do whatever . . a person of ordinary prudence would or should do in the same or like circumstances." *Russell* v. *Bayne*, 45 *Ga. App.* 55, 56 (163 S. E. 290), and cit.; *Howard* v. *Georgia Power Co.*, 35 *Ga. App.* 273 (133 S. E. 57). A child guest thirteen years of age, not being so young as to be as a matter of law incapable of negligence, and not being bound to exercise the same measure of ordinary care which is exacted of every prudent adult, is nevertheless required, under the Code, to exercise the "due care" of a child of "tender years," which is "such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation." Code of 1933, § 105-204; *Streetman* v. *Bussey*, 25 *Ga.* App. 694, 696 (104 S. E. 517); *Sarman* v. *S. A. L. Ry. Co.*, 33 *Ga. App.* 315, 318 (125 S. E. 891); *Smith* v. *Kleinberg*, 49 *Ga. App.* 194 (174 S. E. 731).

3. The driver having the right of way at a highway intersection (Code of 1933, § 68-303) ordinarily has the right to assume and to act upon the assumption that drivers of cars approaching the crossing on his left will yield the right of way, and also that they will exercise the ordinary care required of them. But even though a driver on the left has failed to observe a right-of-way statute and is thus guilty of negligence per se, or has otherwise failed to exercise ordinary care in approaching the intersection, this will not render such a driver liable for a collision, unless such negligence proximately contributed to the collision. This is true for the reason that such negligence of a driver approaching on the left will not relieve the driver having the right of way of his own legal duty to exercise ordinary care under the facts and circumstances of the situation. His right of way and right to assume the absence of negligence by others do not entitle him to drive blindly or recklessly across an intersection, especially one which might be termed a "blind intersection," without regard to the conditions and consequences. It is his own duty

to exercise ordinary care in being alert to observe vehicles approaching the crossing, and to exercise ordinary care in the control, speed, and movements of his car to avoid a collision, after he sees or by ordinary diligence could have seen that one is threatened or imminent.

4. In the instant suit by a mother for personal injuries to herself and loss of services of her thirteen-year-old daughter, who was killed in an automobile collision at intersecting highways while they were guests in a car which had the right of way, under a statute of this State, the evidence was conflicting. Although the testimony for the plaintiff was such as would have fully authorized a verdict in her favor on the issues of negligence, proximate cause, and the absence of contributory negligence by herself or her child, the evidence as a whole was sufficient to authorize the verdict rendered for the defendants, under testimony in their favor to the effect that the driver of the car in which the plaintiff was riding failed to exercise ordinary care in entering a "blind intersection" at a speed and with control insufficient to see and avoid collision with the defendants' car after it had already entered and stopped on the intersection, or in thereafter proceeding to cross the blocked intersection without ordinary care in the speed and control of the car, and that the mother and the child failed to exercise the respective measures of care required of them in warning or protesting to the driver of their car as to the danger in so approaching the blind intersection. The court therefore did not err in denying a new trial on the general grounds.

5. The special grounds of the motion for a new trial all relate to the charge of the court. The suit of the mother and a separate suit of the owner of the automobile in which she was riding were by agreement tried together. The charge having to cover the issues in both suits, it was difficult for the trial judge to state and distinguish in each of his references to the plaintiffs all the different rules of diligence and contributory negligence applicable to them and to the deceased child. The court did, however, correctly inform the jury as to the statutory rule of care required of the child, and as to the negligence of an automobile driver not being imputable to a guest. Taking these instructions with the charge as a whole, the several statements to which exception is taken can not be deemed likely to have confused the jury or to have been prejudicial to the plaintiff's rights.

6. On the questions of contributory negligence and proximate cause of the collision, the court did not err, under the evidence, in charging the State statutes requiring the reduction of speed and regarding the right of way at highway intersections, even though the defendants filed merely general denials of the averments in the petition and did not specially plead a violation of these statutes or other contributory negligence. Moreover, the statement of these statutes to the jury could not have prejudiced the plaintiff, since the petition pleaded their violation by the defendants as negligence.

7. There being evidence not only in a photograph introduced by the defendants, but in testimony given for the plaintiff, tending to indicate inefficiency of the brakes to stop her car, the court did not err in charging the law as to efficient and serviceable brakes, even though such defense was not specially pleaded.

8. The words "pure accident" are often used to indicate a happening which, although not wholly free from negligence by some person, was not proximately caused by failure of either of the parties to a case to exercise ordinary care in the situation. Each of the parties respectively contending in the instant case that she was not guilty of any absence of ordinary care proximately causing the injury, there was no prejudicial error to the plaintiff in charging the jury that, if they believed the collision to have been the result of a "pure accident," they should find for the defendants.

9. No prejudicial error appears in the instruction as to the measure of damages recoverable by the mother for the loss of services of her child, that "You would take into consideration her [the child's] health, her earning capacity, what she did, and what she was capable of doing, and when you have determined what she would have earned annually, that would represent her annual loss." Even if this charge could have been construed by the jury as basing the amount of damages on the earning capacity and earnings of the child from persons other than the mother, without regard to the value of the life of the child to the mother, the instruction could not have affected the result of the case, since the jury manifestly found in favor of the defendants on the issues as to whether they were liable for any amount.

10. There was no error in not reading to the jury the specific allegations and acts of negligence as stated in the petition, since the substance and effect of the material contentions of the plaintiff under her petition were given elsewhere, by stating that "the plaintiffs contend that the defendants violated certain laws with reference to the operation of the automobile," by stating these laws, and by charging that their violation would be negligence per se and that the jury should determine whether such a violation was the proximate cause of the plaintiff's injuries. The court also informed the jury that the particulars and specifications of negligence were set forth in the petitions and the amendment, and that these papers would go out with them so that they could read and see these allegations for themselves.

11. The evidence wholly failing to indicate any wilful, wanton, or malicious conduct by either of the defendants, the court did not err in failing to refer to these averments of the petition.

12. The verdict being authorized under the evidence, and no harmful error appearing in any of the special grounds, the court did not err in refusing a new trial to the plaintiff.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED FEBRUARY 8, 1935.

*Carl T. Hudgins,* for plaintiff.

*Bryan, Middlebrooks & Carter, Young H. Fraser, B. H. Burgess,* for defendants.