33473. MOFFITT *v.* DEAN.

DECIDED JUNE 9, 1951.

*Frank M. Gleason, Gleason & Painter, A. W. Cain Jr., Fred Hixson,* for plaintiff.

*Shaw & Shaw,* for defendant.

WORRILL, J. E. G. Moffitt sued T. A. Dean for damages for personal injuries and for property damage to plaintiff's automobile allegedly sustained as the result of the defendant's negligence. The defendant demurred to the petition generally and specially. The trial court sustained the demurrers and dismissed the action, and the exception here is to that ruling.

The plaintiff's petition alleged that he offered his automobile for sale; that the defendant desiring to try it out as a prospective purchaser was permitted to drive the automobile while the plaintiff accompanied him, sitting on the front seat, "as a passenger"; that the defendant was driving the automobile north at a point in the Chickamauga-Chattanooga National Park, at a moderate speed; that said automobile was approaching the intersection of a road, known as the McFarland Gap Road, running in an easterly and westerly direction across the road being traveled, said intersecting road having a sharp dangerous curve in a northwesterly direction from the point of intersection; that as the defendant approached the south side of said intersecting road he failed to bring the plaintiff's automobile to a complete stop, but instead drove it on and into said intersecting road directly in front of an oncoming vehicle driven by one Robert Johnson; that the automobile of Johnson and of the petitioner collided on the north side of said intersecting highway, injuring and damaging the petitioner and his vehicle. Paragraph 8 of the petition was as follows: "That the said defendant Dean was guilty of negligence in that he failed to stop said vehicle at the intersection of said highway, and before crossing on and into McFarland Gap Road, that he failed to keep a lookout ahead, and observe the approaching traffic coming from his left, that the approaching vehicle had the right of way on said highway, and would have passed without injuring your petitioner's vehicle or your petitioner had the said Dean been exercising due care and caution for the protection of himself and your petitioner and others who might have been on the highway at the time. Because the said Dean failed to stop said automobile before running on and into the on-coming vehicle, your petitioner was injured, and the direct and proximate cause of his said injuries was the negligence of the said Dean in operating said vehicle in the manner and form aforesaid."

Construing the plaintiff's petition most strongly against him and disregarding conclusions of law not authorized by the facts pleaded, as the court must do on general demurrer, it shows that the plaintiff's automobile was being driven north by the defendant on a highway intersecting another highway running in a general east and west direction, and that there was no stop sign or other traffic-control device at the intersection, and that neither of those using the said highways had the right of way over the other by virtue of such device. Under such circumstances the rule of the road as enunciated in the Code, § 68-303 (g) is applicable. This section provides that, "An operator of a vehicle shall have the right of way over the operator of another vehicle who is approaching from the left in an intersecting highway, but shall give the right of way to an operator of a vehicle approaching from the right on an intersecting highway." The petition in this case clearly shows that the vehicle driven by the defendant was approaching the intersection from the right and that the other vehicle was approaching on the defendant's left. Such being the case, the conclusion of law stated in the eighth paragraph of the petition *that the approaching vehicle had the right of way* is not admitted by the general demurrer and is not supported by the pleaded facts. On the contrary, the facts pleaded clearly show that the defendant had the right of way, that he reached the intersection as soon as, if not sooner than, the other vehicle and was entitled to proceed across the intersection first. Furthermore, the petition alleges that the defendant *failed to bring the automobile to a complete stop,* but instead continued on into the intersection directly in front of the other vehicle. We think that this language clearly authorizes the inference that the defendant did exercise caution in approaching the intersection, that while he did not bring the automobile to a complete stop, he did slow down to *almost a stop* before entering the intersection. Taking this in connection with the allegations showing affirmatively that the defendant had the right of way at the intersection, the petition fails to show negligence on the part of the defendant at all, and for these reasons the trial court did not err in sustaining the general demurrer and in dismissing the petition.

Under these circumstances the alleged failure of the defend-

ant to keep a lookout ahead is immaterial, since had he observed the approaching vehicle he would have been authorized to proceed across the intersection notwithstanding its approach. It may be conceded that under some circumstances where one approaches an intersection on the right of another vehicle approaching on an intersecting highway he will not be authorized to proceed into the intersection ahead of the other vehicle or to assume that the other will yield the right of way to him. Such a case might be where the vehicle on the left approaches the intersection at a high rate of speed, with obviously no intention of stopping or yielding the right of way to the vehicle on the right, or where the one on the left enters the intersection ahead of the one on the right. Under such assumed circumstances it might possibly be negligence, as to those riding as passengers in the vehicle on the right, not to exercise caution, slow down, or stop to permit the passage of the vehicle on the left. However, no such facts or circumstances are alleged in the instant case and the courts are not authorized to hypothesize them where nothing in the petition even remotely implies such facts.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*