39351. BUICE v. ATLANTA TRANSIT SYSTEM, INC. *et al.*

Decided April 3, 1962—Rehearing denied April 25, 1962.

*J. Richmond Garland, Frank A. Bowers, M. T. Hartman, III,* for plaintiff in error.

*Crenshaw, Hansell, Ware, Brandon & Dorsey, Hugh Dorsey, Jr., Gambrell, Harlan, Russell, Moye & Richardson, James C. Hill, Edward W. Killorin,* contra.

RUSSELL, Judge. 1. The general rule is that there may be more than one proximate cause of an injury, comprised of two separate and distinct acts of negligence operating concurrently, and the mere fact that the plaintiff's injuries would not have been sustained had only one of the acts of negligence oc-

curred will not of itself operate to limit the other act as constituting the sole proximate cause. *Georgia Power Co. v. Blum,* 80 Ga. App. 618 (57 SE2d 18); *Ethridge v. Nicholson,* 80 Ga. App. 693 (57 SE2d 231); *Ponder v. McKinzie,* 89 Ga. App. 846 (81 SE2d 551). The alleged negligence of the operator of the dairy truck in this case consists of no initial act on his part. It is not alleged that the truck was speeding, that it was in the wrong lane of traffic, or that it did not have the right of way. The negligence, if any, consists merely in the failure of the driver to stop so as to avoid the consequences of the active negligence of the codefendant. It has been held that it is not even material in certain cases that one having the right of way failed to keep a lookout ahead. See *Moffitt v. Dean,* 84 Ga. App. 109 (65 SE2d 637). Whether or not this is true depends upon whether or not one, by exercising ordinary care to look where he is going, should have seen that the active negligence of another was such that unless he did something to avoid it a collision would occur. One who is not himself negligent has a right to assume that others like himself will obey the rules of the road until such time as it becomes apparent to him as a person in the exercise of due care that this is not true, but at that time a duty arises on his part to exercise ordinary care to avoid the negligence of that other. "It is his own duty to exercise ordinary care in being alert to observe vehicles approaching the crossing, and to exercise ordinary care in the control, speed, and movements of his car to avoid a collision, after he sees or by ordinary diligence could have seen that one is threatened or imminent." *Eddleman v. Askew,* 50 Ga. App. 540 (3) (179 SE 247). "Where a jury question is otherwise presented as to whether the concurrent negligence of two defendants caused the plaintiff's injuries, the issue will not be resolved as a matter of law in favor of one defendant because the other defendant failed to exercise due care to avoid the consequences of such defendant's negligence." *Atlantic C. L. R. Co. v. Coxwell,* 93 Ga. App. 159 (2) (91 SE2d 135). See also *Washington v. Kemp,* 97 Ga. App. 235 (102 SE2d 910). While the only negligence alleged against the defendant here is the failure to exercise ordinary care to avoid the negligence of the

codefendant whose trolley was proceeding across the intersection when the traffic light was red against it, failure to take any precautions at all to avoid a clear and obvious danger caused by an obstruction at a traffic intersection may amount to negligence or even to wilful misconduct. See *Carr v. John J. Woodside Storage Co., Inc.,* 217 Ga. 438 (123 SE2d 261). This case comes on a judgment sustaining a general demurrer; therefore we must accept as true the allegations of the petition that the trolley in question had already entered the intersection, that the operator of the defendant's dairy truck would, had he kept a proper lookout ahead, have seen it there and could then, in the exercise of ordinary care, have stopped before colliding with it and inflicting the ensuing injuries on the plaintiff. Whether or not these facts are true is for the jury and not this court to decide.

The judgment sustaining the general demurrer of the Atlanta Dairies Cooperative was error.

*Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*