39402. CENTRAL CONTAINER CORPORATION
*et al. v.* WESTBROOK.

Decided April 4, 1962—Rehearing denied May 8, 1962.

*Wheeler, Robinson & Thompson, Emory F. Robinson,* for plaintiffs in error.

*Henderson & Pope, A. J. Henderson, Brannon & Brannon, Everett C. Brannon,* contra.

RUSSELL, Judge. ■ Special ground 2 of the amended motion for a new trial assigns error on the ground that the court misstated the contentions of the defendant. The jury was instructed that the defendant contended and alleged that the plaintiff entered the intersection against the red light of the traffic control signal and thereby caused the collision, when in fact this allegation had been stricken from the petition and defendant merely alleged that the defendant entered the intersection on a green light. To the unwary eye these allegations appear substantially of the same import, but the defendant had some evidence in the case that the traffic signal controlling the intersection was not functioning properly shortly before the collision, and it insists that the charge was prejudicial in that it tended to deprive it of this defense. It is usually error to charge a contention of the parties not made by the pleadings and evidence. *Ellison v. Robinson,* 96 Ga. App. 882, 885 (101 SE2d 902). In the present case the court compounded the error by further charging as complained in special ground 4: "The preponderance of the evidence is binding on the defendant the same as it is on the plaintiff, and where the defendant alleges that the plaintiff approached the light while it was red and that he ran the red light, the burden is on the defendant to establish that by a preponderance of evidence to the satisfaction

of the jury." Not only did the defendant not allege that the plaintiff had run a red light; but the fact that the defendant denied, as it did, allegations of the petition that plaintiff's driver entered the intersection on a green light and alleged that defendant's driver had a green light did not cast on it the burden of proving by a preponderance of evidence that such was the case because this was no such affirmative defense as would change the burden of proof, or the burden of proceeding with evidence, from the plaintiff to the defendant. See *Whitley v. Wilson*, 90 Ga. App. 16 (81 SE2d 877). The burden still remained upon the plaintiff to prove that his driver entered on a green light, and the defendant was not under the duty of disproving this fact by a preponderance of the evidence. Since the injuries occurred as the result of an intersection collision at a place controlled by an electric traffic signal, the question of which party had the burden of showing that it entered under a green light and did not violate the law by entering on a red signal was the most crucial single issue in the case. It is error to give instructions to the jury which cast upon the complaining party a burden of proof greater than that devolving upon it under the law. *Courson v. Pearson*, 132 Ga. 698 (2) (64 SE 997); *Farmers State Bank v. Kelley*, 159 Ga. 280 (2) (125 SE 467); *Battle v. Williford*, 160 Ga. 287 (3) (127 SE 762); *Turner v. Warren*, 193 Ga. 455 (5) (18 SE2d 865). These grounds of the motion for a new trial should have been sustained.

■ Error is assigned in special ground 7 because the court, after instructing the jury that the measure of damages for pain and suffering would be the enlightened conscience of fair and impartial jurors, continued: "I charge you that the elements of damage, when there is physical injury, are suffering, that is physical and mental, past and future, loss of time from work, the consequent loss of wages, medical and other expenses, injury to health and other physical conditions, loss of capacity to make a living and loss of ability to labor or to work, and take into consideration whether the injuries, as contended by the plaintiff, are permanent or whether they are not permanent. If you find in favor of the plaintiff in this case, in estimating the

damages, the jury should act impartial and according to their consciences, the amount should be reasonable and just as to both parties and should compensate the plaintiff for injuries received. After all, *in estimating these damages, gentlemen, you are guided by your enlightened conscience and by your impartiality under oath.*" (Emphasis supplied).

While mental and physical pain and suffering, of which loss of ability to work and labor is a part, is an element of damage resting within the jury's conscience, loss of wages, medical expenses, bodily injury and earning capacity are elements of damage recovery for which depends upon proof of the monetary value of the loss. See *Hunt v. Williams,* 104 Ga. App. 442 (122 SE2d 149) and citations. Damages for permanent injuries to the person should be such as to compensate him for the loss of money he would probably earn had not the injuries occurred. *Georgia R. &c. Co. v. Carroll,* 143 Ga. 93 (5) (84 SE 434). It is error to so charge the jury that they believe they have a right to fix all damages according to their enlightened consciences without regard to the actual damages shown by the evidence. *Central R. v. Senn,* 73 Ga. 705, 712; *Southern Grocery Stores v. Smith,* 59 Ga. App. 631 (1) (1 SE2d 762). The portion of the charge excepted to appears subject to this criticism. Since the case is being reversed on another ground it is not necessary to determine whether or not, in view of the charge on damages as a whole, this impression might have been nullified by the subsequent instructions.

■ Where a motion for mistrial is made because of an allegedly improper remark of counsel as to prejudicial matters not in evidence, it is the duty of the court, on objection, to rebuke counsel and by proper instructions remove the improper impression from the minds of the jury. *Code* § 81-1009. Whether or not the court should grant a mistrial on motion of the opposite party depends largely on the circumstances of the case, but the judge in passing on the objections has a broad discretion which will not be disturbed unless manifestly abused. *Georgia Power Co. v. Puckett,* 181 Ga. 386 (5) (182 SE 384); *Royal Crown Bottling Co. v. Bell,* 100 Ga. App. 438 (6) (111 SE2d 734). The statement of counsel in his concluding argu-

ment that "there was no question as to liability in this case until in October or November, 1960, when they found a witness in some place in Alabama," although improper, and apparently prompted by the fact that the deposition of the witness in question was taken over a year after the injury of the plaintiff, was not only withdrawn by counsel, but the court instructed the jury that the remark was improper and should not be considered by them, and he specifically rebuked counsel for making it. Under these facts it was not error to overrule the motion for mistrial, as contended in ground 1 of the motion for a new trial.

■ A witness who has worked on traffic patrol duty for substantial periods of time during 11 years of experience on the police force, who has investigated accidents and had experience in observing the results of accidents from physical phenomena; who drives an automobile, and who examined the position and damage of the vehicles shortly after the wreck and observed the skid marks left on the highway, is qualified to give his opinion as to the speed at which the cars were traveling at the time of impact. *Passley v. State,* 62 Ga. App. 88, 94 (8 SE2d 131); *Collins v. State,* 86 Ga. App. 157 (1) (71 SE2d 99); *Cobb v. Coleman,* 94 Ga. App. 86 (2) (93 SE2d 801). Where an opinion is permissible, it is not subject to be ruled out because subsequent questioning develops that the opinion is founded on inadequate knowledge, but such proof should be considered by the jury as going to the credibility of the witness' opinion. *State Highway Dept. v. Wells,* 102 Ga. App. 152 (2) (115 SE2d 585). It appeared here that the police officer's opinion as to the speed of the defendant's truck was based on the positions of the vehicles and length of the skid marks, and that their length in feet as testified to by him was based on the hearsay statement of the officer who measured them; however, the witness further testified that he had himself examined the skid marks and "wouldn't say it to be exactly the trooper's [measurement] but it would be somewhere in that neighborhood." The court did not err in admitting the opinion testimony as to the speed of the truck.

■ The request to charge, the refusal of which is assigned as error in special ground 5, contains in four places a statement

substantially to the effect that if the plaintiff failed to exercise ordinary care to discover the negligence of the defendant he could not recover. The court charged fully on this principle of law, partly in the words of the requested charge, and also in language equally as specific as that included in the request. Where the request is perfect in form, pertinent, and made on a material point, it is usually error not to give it in its exact language (*Carr v. John J. Woodside Storage Co.*, 217 Ga. 438, 443 (123 SE2d 261), but this does not mean that the court must adopt the language of the request when it tends to be argumentative or repetitious, and is not as impartial and precise as the language actually charged. *Callaway v. State*, 151 Ga. 342 (1) (106 SE 577). The instructions given by the court were just as specific and precise as those requested, and had the advantage of stating the rule of law involved impartially as to both sides instead of affirmatively stating it four times in favor of the movant. No error is shown here.

■ "As to facts charged which cannot be presumed to be within the knowledge of the opposite party, a paragraph of an answer in the language of *Code* § 81-103 that for want of sufficient information the defendant can neither admit nor deny the averment, and that he demands strict proof thereof, is equivalent to a denial." *Byrom v. Ringe*, 83 Ga. App. 234 (1a) (63 SE2d 235). The court here charged merely that "defendants do not deny, for the want of sufficient information, the alleged injuries which plaintiff has set out in his petition," where the defendant had alleged that for want of information it could neither admit nor deny the injuries. The instruction was accordingly inaccurate and is not approved.

■ The evidence on the trial of the case in favor of the plaintiff was to the effect that the plaintiff was going to work and was riding in the front seat of an automobile belonging to him and driven by a fellow employee; that at the intersection of State Highways 5 and 140 there was a traffic control signal which was functioning properly; that plaintiff's driver arrived at the intersection moving very slowly behind an automobile which was waiting for the light to change from red to green; that when it changed the preceding car went across the intersection,

plaintiff's car followed at about 15 or 20 miles per hour, and defendant's truck, approaching at right angles at a fast rate of speed, went through the intersection without stopping, was struck by plaintiff's car, and thereafter skidded a distance of 254 feet. Plaintiff's car was dragged a distance of about 100 feet from the point of impact. The plaintiff was seriously and permanently injured. Neither the plaintiff, the driver of his car, nor the driver of the defendant's truck saw the other vehicle until a very few feet from the point of impact and at a time when it would have been impossible to avoid the collision. There was a building which would have obstructed the view between the two roads; it was, however, set back some 50 feet from the highway, and plaintiff in error contends that, had plaintiff and his driver been keeping a proper lookout, they would have seen the truck approaching the intersection and therefore, having failed to exercise ordinary care to apprehend the negligence of the defendant, they would not in any event be entitled to recover. This is an argument which addresses itself to the jury on the trial of the case rather than to this court on appeal. Obviously, the driver of the truck could see the automobile as easily as the driver of the automobile could see the truck; it cannot be said that the plaintiff's driver, having the right of way, barred himself from recovery merely by failing to observe what the defendant's driver, who did not have the right of way, also failed to observe, namely, that another vehicle was approaching the intersection. A driver having the right of way at an intersection has the right to assume that others will obey the rule of the road (*Moffitt v. Dean*, 84 Ga. App. 109, 65 SE2d 637) and he has a right to proceed at a reasonable speed even though he sees another vehicle approaching. What he cannot do is to test a known and obvious peril, and after it is or should be clearly apprehended that a collision is threatened or imminent, he cannot blindly and recklessly proceed without regard to conditions and consequences. *Eddleman v. Askew*, 50 Ga. App. 540 (3) (179 SE 247). His duty in this regard is not greater than the duty of the defendant; it is the duty to exercise ordinary care for his own safety, and this is generally a jury question. The evidence here does

not demand a finding that the plaintiff or his driver (whose negligence was imputable to him) failed to measure up to this standard as a matter of law. The general grounds of the motion for a new trial are without merit.

The trial court erred in overruling the motion for a new trial as amended.

*Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*