40423.   FARKAS v. KAUFMAN.

Decided November 15, 1963.

*Rose & Lappas, Frank P. Lappas,* for plaintiff in error.

*Haas, Dunaway, Shelfer & Haas, George A. Haas,* contra.

NICHOLS, Presiding Judge. The sole question presented for decision is whether the plaintiff's petition set forth a cause of action against the host driver in as much as no demurrer of the defendant Day is before this court.

"When a plaintiff pleads his case in the alternative, one version of which is good and the other not, his petition will on demurrer be treated as pleading no more than the latter, since it will be construed most strongly against him. *Baggett v. Edwards,* 126 Ga. 463 (55 SE 250); *Doyal v. Russell,* 183 Ga. 518 (189 SE 32); *Consolidated Distributors v. City of Atlanta,* 193 Ga. 853, 858 (20 SE2d 421); *Saliba v. Saliba,* 201 Ga. 577, 583 (40 SE2d 511), and citations; *Gregory v. Taylor,* 84 Ga. App. 717 (67 SE2d 192); *Eubanks v. Akridge,* 91 Ga. App. 243 (85 SE2d 502). In *Doyal v. Russell,* supra, (p. 534) the court ruled: 'Where any one of several averments alleged in the alternative is insufficient, the entire pleading is rendered bad.'" *Richards & Associates, Inc. v. Studstill,* 212 Ga. 375, 377 (93 SE2d 3).

The petition in the present case alleges, in seeking to hold the defendant Day, that the host driver Kaufman had the right of way and that the defendant Day failed to yield such right of

way to him, and elsewhere alleges, in seeking to hold the host driver Kaufman, that the host driver after stopping started into the intersection at a time when the automobile being operated by the defendant Day was so close as to constitute an immediate hazard which allegation would mean that the defendant Day and not the host driver had the right of way under the Act of 1953 (Ga. L. 1953, Nov. Sess., pp. 556, 590; *Code Ann.* § 68-1652).

The pleadings being in the alternative must be construed as failing to set forth a cause of action against the demurring defendant under the decision of the Supreme Court in *Richards & Associates, Inc. v. Studstill*, 212 Ga. 375, supra. See also *Fair v. Huddle, Inc.*, 98 Ga. App. 466, 469 (106 SE2d 72). Accordingly, the trial court did not err in sustaining the general demurrer of the defendant Kaufman and in dismissing the petition as to him.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*