40590.   LUSK v. SMITH et al.

DECIDED JUNE 19, 1964—REHEARING DENIED JULY 3, 1964.

*Gambrell, Harlan, Russell, Moye & Richardson, E. Smythe Gambrell, Edward W. Killorin, Sidney F. Wheeler,* for plaintiff in error.

*Edenfield, Heyman & Sizemore, Robert G. Young, Hurt, Hill & Sosebee, Robert L. Todd, Kenyon, Kenyon & Gunter, A. Richard Kenyon,* contra.

BELL, Presiding Judge. The plaintiff in error relies heavily upon the case of *Farkas v. Kaufman,* 108 Ga. App. 659 (134 SE2d 488), contending in effect that *Farkas* is authority for the proposition that a petition alleging that two joint tortfeasors each failed to yield the right of way to the other's vehicle is in the alternative and thus is subject to general demurrer, since the petition, being construed against the pleader, is subject to the

inference that each of the defendants had the right of way and thus neither would be negligent in proceeding into the intersection. That contention, however, does not represent the holding in *Farkas*. Although the court there did construe the petition as pleading that each of the two defendants had the right of way, the demurrer was sustained because the host driver Kaufman was absolved from the charge of gross negligence by that construction which gave the host driver the right of way when coupled with other deficiencies in the pleadings which were peculiar to that case. *Farkas* does not hold, and could not hold, that one who has the right of way cannot be guilty of gross or ordinary negligence in proceeding through an intersection, as precedents preclude that holding.

Assuming arguendo that the petition shows that defendant Lusk had the statutory right of way this does not necessarily mean that he was not negligent in failing to yield the right of way to the ambulance, for the driver of an automobile having the right of way at an intersection is not freed from all duty to exercise ordinary care. *Laseter v. Clark*, 54 Ga. App. 669 (189 SE 265).

"The common-law duty to exercise due care in the operation of motor vehicles rests on the driver irrespective of statute . . . and statutory rules of the road are regarded as cumulative and do not abrogate such duty. [*Williams v. Grier*, 196 Ga. 327 (26 SE2d 698)]. Statutory rules of the road set a minimum rather than a maximum standard of care, and a motorist may not assume that because rules laid down by statute accord him certain rights and preferences he may avail himself thereof regardless of the rights and safety of others. The issue of liability turns on the use of reasonable care under existing conditions rather than on compliance with governmental regulations. . ." 60 CJS 648, Motor Vehicles, § 268.

A driver having the right of way at an intersection has the right to assume that drivers of cars approaching on the cross street will yield the right of way. "It has been held that it is not even material in certain cases that one having the right of way failed to keep a lookout ahead. . . Whether or not this is true depends upon whether or not one, by exercising ordinary

care to look where he is going, should have seen that the active negligence of another was such that unless he did something to avoid it a collision would occur. One who is not himself negligent has a right to assume that others like himself will obey the rules of the road until such time as it becomes apparent to him as a person in the exercise of due care that this is not true, but at that time a duty arises on his part to exercise ordinary care to avoid the negligence of that other." *Buice v. Atlanta Transit System,* 105 Ga. App. 795, 797 (125 SE2d 795). "His right of way and right to assume the absence of negligence by others do not entitle him to drive blindly or recklessly across an intersection, especially one which might be termed a 'blind intersection,' without regard to the conditions and consequences. It is his own duty to exercise ordinary care in being alert to observe vehicles approaching the crossing, and to exercise care in the control, speed, and movements of his car to avoid a collision, after he sees, or by ordinary diligence could have seen, that one is threatened or imminent." *Eddleman v. Askew,* 50 Ga. App. 540 (3) (179 SE 247). *Powers v. Pate,* 107 Ga. App. 25, 28 (129 SE2d 193). "What he cannot do is to test a known and obvious peril, and after it is or should be clearly apprehended that a collision is threatened or imminent, he cannot blindly and recklessly proceed without regard to conditions and consequences. . ." *Central Container Corp. v. Westbrook,* 105 Ga. App. 855, 862 (126 SE2d 264).

Lusk is charged, not merely with failing to yield the statutory right of way, which arguendo it is assumed that he had, but with failing to yield the right of way under conditions and circumstances which the jury may find to be a "known and obvious peril." There is no inconsistency between the charges of negligence against J. Austin Dillon Company and the charges of negligence against Lusk. The question as to which defendant had the right of way is merely a matter of defense which might be considered by the jury as an element in determining the separate or concurrent negligence of each.

The petition alleges negligence against Lusk sufficiently to state a cause of action against him, and whether he was negligent in

failing to yield the right of way under the conditions alleged is a question for the jury.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*