41597. MEEKS v. JOHNSON et al.

SUBMITTED NOVEMBER 1, 1965—DECIDED NOVEMBER 29, 1965.

763

*Kimzey & Kimzey, Herbert B. Kimzey,* for appellant.

*Erwin, Birchmore & Epting, Eugene A. Epting, Telford, Wayne & Greer, Tifton S. Greer,* for appellees.

JORDAN, Judge. The sole question presented for decision is whether or not the plaintiff's petition set forth a cause of action against the host driver. If it did not, then the court properly dismissed the petition since the defendant Carlisle was alleged to be a resident of White County, Ga., and could not be sued in Habersham County unless the petition stated a cause of action against both defendants as joint tortfeasors. *Richards & Associates, Inc. v. Studstill,* 212 Ga. 375 (93 SE2d 3).

A petition brought by a guest passenger against the host driver is subject to the general demurrer of the host driver if it does not allege facts sufficient to support the conclusion of the pleader that the host driver was guilty of gross negligence. *Peavy v. Peavy,* 36 Ga. App. 202 (136 SE 96); *Luxenburg v. Aycock,* 41 Ga. App. 722 (154 SE 460); *Young v. Truitt,* 93 Ga. App. 143 (91 SE2d 115); *Conklin v. Jones,* 95 Ga. App. 677 (98 SE2d 638). Gross negligence is the failure to exercise slight diligence which is defined by *Code* § 105-203 as "that degree of care which every man of common sense, howsoever inattentive he may be, exercises under the same or similar circumstances."

The gravamen of the charge of gross negligence against the host driver, as we construe the petition, is the alleged conclusion that the defendant Carlisle had the right of way at the intersection and that the host driver, instead of yielding the right of

way to him, approached and entered the intersection at a speed in excess of 35 miles per hour and without keeping a lookout ahead to observe the defendant Carlisle's approaching automobile. The facts alleged in the petition, however, refute rather than authorize the conclusion that the defendant Carlisle had the right of way. Under the allegations of the petition the host driver reached and entered the intersection before the defendant Carlisle who was approaching from her left and since it was not alleged that this was a controlled intersection, the host driver clearly had the right of way under the provisions of *Code Ann.* § 68-1650 (a, b). Furthermore, the petition, while alleging in one paragraph that the defendant Carlisle had the right of way, alleged in another paragraph that the host driver had the right of way; and under such alternative pleadings, the petition, when construed most strongly against the pleader and in favor of the demurrant host driver, must be held to allege that the host driver had the right of way at the intersection and that the defendant Carlisle failed to yield to her. *Farkas v. Kaufman,* 108 Ga. App. 659 (134 SE2d 488).

This being true, we do not think that the remaining allegations of the petition which set forth the alleged circumstances under which the host driver approached and entered the intersection are sufficient to support the conclusion that she was guilty of gross negligence. A driver having the right of way at an intersection has the right to assume that others will obey the rule of the road and will yield the right of way to him (*Eddleman v. Askew*, 50 Ga. App. 540 (179 SE 247); *Lusk v. Smith,* 110 Ga. App. 36 (137 SE2d 734)), and he has the right to proceed at a reasonable speed even though he sees another vehicle approaching. *Central Container Corp. v. Westbrook,* 105 Ga. App. 855, 862 (126 SE2d 264). It has also been held that under ordinary circumstances the failure of the driver having the right of way at an intersection to keep a lookout ahead is immaterial since if he had observed the approaching vehicle which was under a duty to yield to him, he would have been authorized to proceed across the intersection notwithstanding its approach. *Moffitt v. Dean,* 84 Ga. App. 109 (65 SE2d 637).

What a driver having the right of way cannot do is "test a

known and obvious peril, and after it is or should be clearly apprehended that a collision is threatened or imminent, he cannot blindly and recklessly proceed without regard to conditions and consequences. *Eddleman v. Askew,* 50 Ga. App. 540 (3) (179 SE 247)." *Central Container Corp. v. Westbrook,* 105 Ga. App. 855, 862, supra. This is, of course, a corollary of the principle of law that every driver of a motor vehicle must exercise ordinary care in the control, speed and movements of his vehicle to avoid a collision after he sees or by ordinary diligence could have seen that one is threatened by the active negligence of another. *Buice v. Atlanta Transit System,* 105 Ga. App. 795 (125 SE2d 795).

Whether or not the host driver failed to exercise ordinary care under the circumstances present here is immaterial, however, for she only owed the plaintiff guest passenger the duty of exercising slight diligence; and in our opinion the facts set forth in the petition, as distinguished from the conclusions of the pleader, do not show the absence of that care which every man of common sense, howsoever inattentive he may be, exercises under the same or similar circumstances or the presence of "carelessness manifestly materially greater than want of common prudence." *Peavy v. Peavy,* 36 Ga. App. 202, 205, supra.

If the allegations of the petition had supported rather than refuted the conclusion that the defendant Carlisle had the right of way at the intersection and the contrary had not been alleged, or, notwithstanding the fact that the host driver had the statutory right of way, if it had been alleged that the defendant Carlisle had in fact reached and entered the intersection before the host driver, or if the facts alleged had disclosed that the host driver had actually observed the Carlisle automobile approaching the intersection at a speed in excess of 60 miles per hour and was thus chargeable with knowledge that a collision was threatened, then a different situation would be presented since the fact that a host driver had the statutory right of way at an intersection would not ipso facto preclude him from being guilty of gross negligence in failing to yield to a vehicle not having the right of way under such circumstances. *Lusk v. Smith,* 110 Ga. App. 36, 39, supra. However, under the facts

alleged here we must hold that as a matter of law the petition failed to set forth a cause of action against the host driver based on gross negligence, and that the trial court did not err in sustaining the general demurrer of the host driver and in dismissing the petition.

Judgment affirmed. *Felton, C. J., and Deen, J., concur.*