42572. GREENE v. HELMS.

ARGUED FEBRUARY 8, 1967—DECIDED MARCH 1, 1967—
REHEARING DENIED MARCH 21, 1967.

448

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Warner R. Wilson, Jr., Frank Love, Jr.,* for appellant.

*Charles H. Wills, Paul C. Myers, Charles H. Hyatt,* for appellee.

QUILLIAN, Judge. The single question for our determination is whether the evidence demanded a finding for the defendant in that the plaintiff failed, as a matter of law, to exercise ordinary care for his own safety.

The basic facts relative to this case are: the plaintiff was crossing Ponce de Leon Avenue in front of the Sears Roebuck store on July 13, 1961; Ponce de Leon at this point runs east and west and has three lanes of travel for automobile traffic in

each direction; the plaintiff was crossing from south to north and had traveled across five of the lanes and was in the process of crossing the sixth lane, or westbound curb lane, when struck by the defendant's car traveling west on Ponce de Leon. There was evidence adduced to show that: the plaintiff had stopped at approximately the center of Ponce de Leon; westbound cars in the fourth and fifth lanes stopped to allow him to pass; he continued on the crosswalk across those two lanes; cars directly behind the two cars on the fourth and fifth lanes had also stopped; the plaintiff acknowledged the "proceed on" signal of the driver of the car in the fifth lane and began to "jog" to get across the sixth lane to the curbside when the defendant's car struck him.

The defendant testified she did not observe the plaintiff's presence in the crosswalk nor did she see any stopped cars at the crosswalk as her car approached; she was familiar with the location of the crosswalk.

The thrust of defendant's argument is predicated on the following testimony. The plaintiff testified that, before he entered the westbound curb lane for traffic, he was passing in front of the automobile in the middle lane and was looking in the general direction from which the westbound traffic had come and "I presumed that it was safe to cross, I was looking in that direction and I didn't see any automobiles in that lane." The plaintiff admitted that on deposition in answer to the question—"Well, how far up that lane could you see before—or did you see before the impact?"—he replied: "Well, I wasn't particularly looking at that lane. I was looking at the cars that were backed up in the two lanes, and, of course, I was looking from the front of the car back through the car, actually."

It was further brought out that he testified by deposition "Q. I say, you stepped into the extreme northerly lane before you looked up to the east? A. Well, yes, because I didn't see the car." The following testimony was then adduced: "Q. Could you not, sir, have stopped in front of the car number two [in the fifth lane] and looked? A. I could have. Q. Did you? A. No, sir."

The defendant contends this shows the plaintiff was so negli-

gent as to bar him from recovery. In this connection he cites *Coleman v. Western & A. R.,* 48 Ga. App. 343 (172 SE 577) ; *Ashworth v. East Tenn. &c. R. Co.,* 97 Ga. 306 (23 SE 86). In the *Coleman* case, this court affirmed the sustaining of a general demurrer to plaintiff's petition which alleged that the plaintiff observed a northbound train pass and that he passed between two lines of boxcars and then stepped upon the next main line where he was struck by a southbound train. On motion for rehearing it was pointed out "There was nothing in the petition to show why the plaintiff could not have seen the incoming train approaching from the north, before stepping on the track on which it was approaching, had he looked. . . It would seem, therefore, that the plaintiff used no discretion or care at all in entering upon the train track on which the incoming train was approaching." P. 350.

The cases cited by appellant involving pedestrian-train accidents are inapposite. A train is not required by law to yield the right of way to pedestrians crossing railroad tracks. See in this connection, *Coleman v. Western & A. R.,* 48 Ga. App. 343 (4), supra. But vehicles are required by *Code Ann.* § 68-1656 to yield to pedestrians crossing the street, within a crosswalk. Furthermore, an approaching vehicle is prohibited from passing vehicles stopped at a marked crosswalk while permitting a pedestrian to cross. In this case the plaintiff was entitled to assume that an approaching vehicle would yield the right of way and not pass the other stopped vehicles. "A driver having the right of way at an intersection has the right to assume that others will obey the rule of the road and will yield the right of way to him (*Eddleman v. Askew,* 50 Ga. App. 540 (179 SE 247) ; *Lusk v. Smith,* 110 Ga. App. 36 (137 SE2d 734)), and he has the right to proceed at a reasonable speed even though he sees another vehicle approaching. *Central Container Corp. v. Westbrook,* 105 Ga. App. 855, 862 (126 SE2d 264). . . Under ordinary circumstances the failure of the driver having the right of way at an intersection to keep a lookout ahead is immaterial since if he had observed the approaching vehicle which was under a duty to yield to him, he would have been authorized to proceed across the intersection notwithstanding

its approach. *Moffitt v. Dean*, 84 Ga. App. 109 (65 SE2d 637)." *Meeks v. Johnson*, 112 Ga. App. 760, 764 (146 SE2d 121); *Hennemier v. Morris*, 48 Ga. App. 840 (173 SE 924). While the *Meeks* case deals with a driver's rights, the principles expressed therein are analogous to the rights of the plaintiff in the case sub judice.

"A pedestrian when using the highway is not bound to be continually looking and listening to ascertain if automobiles are approaching, and if he fails to do so, he is not as a matter of law conclusively so negligent as to prevent a recovery, where the driver of the car is negligent." *Lorig v. Brunson*, 84 Ga. App. 558, 562 (66 SE2d 268); *O'Dowd v. Newnham*, 13 Ga. App. 220, 228 (80 SE 36); *Eubanks v. Mullis*, 51 Ga. App. 728 (181 SE 604); *Roseberry v. Freeman*, 97 Ga. App. 545, 553 (103 SE2d 745).

Whatever negligence the plaintiff may have been guilty of in not stopping in the fifth lane and looking before entering the sixth lane, such failure to act did not, as a matter of law, constitute a bar to his recovery. "The mere negligence of a person who has suffered injury as a result of the negligence of another will not, as a matter of law, without reference to its degree as respects the negligence of the other person, and without reference to its character as proximately contributing to the injury, bar a recovery." *Barrett v. Southern R. Co.*, 41 Ga. App. 70 (2) (151 SE 690). Questions as to contributory negligence and comparative negligence, where that rule is properly involved, are peculiarly for determination by the jury. *Warren County v. Battle*, 48 Ga. App. 240, 242 (172 SE 673).

The trial judge did not err in overruling the general grounds of the motion for new trial and in denying the motion for judgment notwithstanding the verdict.

*Judgment affirmed. Frankum, P. J., and Deen, J., concur.*