46071.   ROGERS v. EAVENSON.

ARGUED MARCH 3, 1971—DECIDED JUNE 18, 1971—
REHEARING DENIED JULY 12, 1971.

George N. Skene, Martin, Snow, Grant & Napier, Cubbedge Snow, for appellant.

Melton, McKenna & House, Mitchell P. House, Jr., for appellee.

QUILLIAN, Judge. ■ Enumerations of error 1 and 2 complain of the trial judge's failure to charge the defendant's written requests. The requests were respectively as follows: (1) "I charge you that every person must exercise ordinary care for his own safety. What is ordinary care under varying circumstances is a question to be determined by the jury. In this connection, I charge you that it is for you to determine whether a driver of an automobile about to enter an intersection which is controlled by a traffic light is in the exercise of ordinary care if he enters that intersection without looking to the right or left to see if there is approaching traffic." (2) "I charge you that the fact that the driver of an automobile is guilty of negligence does not excuse the driver of another automobile from exercising ordinary care for his own safety if, by the exercise of ordinary care, he could have, or should have, discovered the negligence of the other party, if any, in time to have avoided injury to himself. The above rule of law applies both to the plaintiff and to the defendant in this case."

The case of *Meeks v. Johnson,* 112 Ga. App. 760 (146 SE2d 121), contains a thorough statement as to the law relative to collisions at intersections and we therefore quote the pertinent language: "A driver having the right of way at an intersection has the right to assume that others will obey the rule of the road and will yield the right of way to him (*Eddleman v. Askew,* 50 Ga. App. 540

(179 SE 247); *Lusk v. Smith*, 110 Ga. App. 36 (137 SE2d 734)), and he has the right to proceed at a reasonable speed even though he sees another vehicle approaching. *Central Container Corp. v. Westbrook*, 105 Ga. App. 855, 862 (126 SE2d 264). It has also been held that under ordinary circumstances the failure of the driver having the right of way at an intersection to keep a lookout ahead is immaterial since if he had observed the approaching vehicle which was under a duty to yield to him, he would have been authorized to proceed across the intersection notwithstanding its approach. *Moffitt v. Dean*, 84 Ga. App. 109 (65 SE2d 637)." See *Lindsay v. Duvall*, 122 Ga. App. 613 (2) (178 SE2d 312).

As to the first charge, under the cited authority there is no express duty imposed on the driver of the vehicle with the right of way to keep a lookout for approaching vehicles. The failure to give this charge was not error.

As to the second charge, the evidence in this case reveals that the plaintiff did not see the defendant's vehicle until the collision occurred. Thus, there was nothing to warrant a charge with regard to the duty to avoid a collision after one sees or by ordinary diligence could have seen that one is threatened by the active negligence of another.

■ The remaining enumerations of error involve whether a question of speed was properly injected into the case. Enumeration of error 10 contends that the court erred in permitting the plaintiff's attorney to read the Georgia law and to argue to the jury with respect to maximum speed of motor vehicles and whether the defendant was violating same. Enumeration of error 5 sets out that the court erred in charging the law as to maximum speed of vehicles.

It is clear that the plaintiff did not include in his pleadings specifications that the defendant was negligent in violating the speed law. Nevertheless, as was pointed out in *Baxter v. Bryan*, 122 Ga. App. 817, 820 (178 SE2d 724), citing *Shockey v. Baker*, 212 Ga. 106, 110 (90 SE2d 654): "Although evidence may be entirely circumstantial as to the rate of speed of an automobile, it may be sufficient to support a reasonable conclusion reached by the jury on the issue of negligence. Evidence of the force of the impact of a collision, or as to the distance which the automobile

that caused the injury traveled from the point of the collision until it stopped, may of itself, and in connection with other circumstances, be sufficient to warrant a finding of the jury of negligence as to speed. [Citations omitted]." See *Justice v. Bass,* 114 Ga. App. 353, 358 (151 SE2d 511). In this case, there was considerable evidence regarding the speed of the vehicles, as well as the impact of the collision and the distance the vehicles traveled after the collision. *Code Ann.* § 68-1626 (c) (Ga. L. 1953, Nov. Sess., pp. 556, 577, as amended) provides that: "The driver of every vehicle shall, consistent with the requirements of subdivision (a), drive at an appropriate reduced speed when approaching and crossing an intersection . . ."

Under the Civil Practice Act, *Code Ann.* § 81A-115 (b) (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106), "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Amendments may be made upon motion of any party at any time but the failure to do so does not affect the result of the trial. Thus, no error appears since the issue covered by the charge and by the argument of plaintiff's counsel was raised by unobjected to evidence. See *Johnson v. Myers,* 118 Ga. App. 773 (2c) (165 SE2d 739).

*Judgment affirmed. Jordan, P. J., concurs. Evans, J., concurs in the judgment only.*