A03A1755. SINCLAIR DISPOSAL SERVICE, INC. et al. v. OCHOA.
(593 SE2d 358)

Ruffin, Presiding Judge.

Gilberto Ochoa, Jr., by next friend Sara Ochoa, sued Sinclair Disposal Service, Inc. ("Sinclair") and its employee, Clifford Boggs, for injuries sustained when the car in which Gilberto was riding collided with a Sinclair truck driven by Boggs. Following a trial, the jury found in Gilberto's favor. Boggs and Sinclair (collectively, "the defendants") appeal, and for reasons that follow, we affirm.

Viewed favorably to the verdict,[1] the evidence shows that, on August 28, 1997, Gilberto, who was then eight years old, was riding in a car driven by his father. As they crested a hill, they encountered a Sinclair garbage truck stopped in the roadway. Gilberto's father was unable to avoid a collision, and their car struck the back of the truck. Gilberto's neck was severely lacerated in the wreck.

Boggs testified that he stopped the garbage truck on the road's downhill slope to pick up recyclables from a residence. According to Boggs, he pulled to the side of the road, parking the truck partly on and off the roadway. He turned on the truck's flashing lights, exited the truck, and collected the recycling materials. As he walked back to the driver's side, the Ochoas' car hit the truck.

Acting through his mother, Gilberto sued Sinclair and Boggs for negligently operating the garbage truck. Finding for Gilberto, the jury awarded the Ochoas medical expenses and other damages. The defendants appeal, arguing that the trial court improperly admitted irrelevant evidence relating to whether Boggs could have stopped the garbage truck in a safer location. They further claim that the trial court erred in refusing to instruct the jury that if the garbage truck's flashing hazard lights were on at the time of the collision,[2] the defendants could not be found negligent.

---

[1] See *Paul v. Destito*, 250 Ga. App. 631 (550 SE2d 739) (2001).

[2] Although Boggs asserted that he activated the truck's flashing lights when he stopped to pick up the recycling material, Gilberto's father testified that he did not see any flashing lights before the collision.

To support these arguments, the defendants rely exclusively on OCGA § 40-6-203 (c), which states:

> Notwithstanding any other provision of law, any vehicle used solely for the purpose of collecting municipal solid waste or recovered materials . . . may stop or stand on the road, street, or highway for the sole purpose of collecting such waste or materials; provided, however, that such vehicle shall maintain flashing hazard lights at all times that it is engaged in stopping or standing for the purpose of waste or materials collection.[3]

They contend that this provision offers them a "safe harbor" from any negligence claim, as long as the garbage truck's flashing lights were activated.

We disagree. Code section 40-6-203 forms part of Georgia's Uniform Rules of the Road.[4] These statutory rules set forth "a minimum rather than a maximum standard of care, and a motorist may not assume that because rules laid down by statute accord him certain rights and preferences he may avail himself thereof regardless of the rights and safety of others."[5] We note that, in the absence of a valid defense, a violation of these Uniform Rules presents a prima facie case of negligence per se.[6] The opposite, however, is not true. Compliance with the rules does not necessarily demonstrate that a defendant exercised ordinary care.[7]

The defendants claim that, by allowing a waste disposal truck to stop or stand in the road "[n]otwithstanding any other provision of law,"[8] the legislature established that such stop, combined with proper use of hazard lights, constitutes ordinary care as a matter of law. Undoubtedly, the legislature determined that a waste disposal company may legally stop its truck in the road if it adheres to OCGA § 40-6-203 (c). But it does not follow that the stop is, by definition,

---

[3] The term "recovered materials" includes materials that have "recycling potential." OCGA § 12-8-22 (25).

[4] See OCGA § 40-6-1 et seq.

[5] (Punctuation omitted.) *Lusk v. Smith*, 110 Ga. App. 36, 39 (137 SE2d 734) (1964).

[6] See *Harden v. Burdette*, 204 Ga. App. 733, 735 (4) (420 SE2d 626) (1992).

[7] See *Lusk*, supra. See also *Carlo v. Americana Healthcare Corp.*, 179 Ga. App. 678, 680 (1) (347 SE2d 282) (1986) (fact that defendant complied with applicable governmental rules and regulations "would not relieve it of liability if it has been in fact negligent") (punctuation omitted); *Johnson v. Fowler Elec. Co.*, 157 Ga. App. 319, 323 (2) (277 SE2d 312) (1981) ("[I]t is too plain to be debated that if an action is negligent, approval of that negligence by another party or even a government agency, or rather of the conditions creating the negligence, does not as a matter of law excuse the negligence."). Compliance with governmental rules and regulations may, however, be considered by the jury in determining whether the defendant exercised ordinary care. See *Carlo*, supra.

[8] OCGA § 40-6-203 (c).

nonnegligent. As we have found, "[t]he issue of liability turns on the use of reasonable care under existing conditions[,] rather than on compliance with governmental regulations."[9]

We agree with the trial court that compliance with OCGA § 40-6-203 (c) does not insulate a waste disposal company from liability for negligence claims. Accordingly, the trial court did not err in admitting evidence regarding a safer location for the stop or in refusing to instruct the jury that such compliance equals ordinary care.[10]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED JANUARY 15, 2004 

*James M. Poe*, for appellants.
*Shane M. Geeter*, for appellee.

---

[9] (Punctuation omitted.) *Lusk*, supra.
[10] See id.; see also *Doyle v. Volkswagenwerk Aktiengesellschaft*, 267 Ga. 574, 576-577 (481 SE2d 518) (1997) (indicating that minimum standards do not conclusively establish Georgia's standard of care).