**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, P. J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.

https://www.gaappeals.us/rules

**February 21, 2025**

# In the Court of Appeals of Georgia

A24A1506. USRY et al. v. CITY OF SANDERSVILLE

RICKMAN, Presiding Judge.

This is the second appearance of this personal injury action before this Court. In *City of Sandersville v. Usry*, 365 Ga. App. 426, 430-431 (2) (878 SE2d 768) (2022) ("*Usry I*"), we vacated the trial court's order denying the City's motion for summary judgment on the ground that there was not a genuine issue of material fact as to whether the boom truck's hazard lights were flashing at the time of the accident and remanded the case for further proceedings. Upon remand, the City filed a renewed motion for summary judgment which the trial court granted. On appeal, Tonya Usry contends that the trial court erred by granting the City's motion for summary judgment. For the following reasons, we affirm.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). "We review the grant or denial of a motion for summary judgment de novo, and we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." (Citation and punctuation omitted.) *Woodcraft by Macdonald v. Georgia Cas. & Sur. Co.*, 293 Ga. 9, 10 (743 SE2d 373) (2013).

As explained in *Usry I*,

[v]iewed in the light most favorable to Usry (i.e., the nonmoving party), the record shows that on the morning of June 22, 2018, City employees Richard Brown and Jeffrey Burnett were driving a large—over eight feet tall and eight feet wide—waste collection "boom truck"2 on their scheduled route to collect yard waste from City residents. The weather that morning was clear and dry, and the truck traveled eastbound on a straight, flat section of West Church Street. At approximately 8:20 a.m., Brown—the driver—activated the boom truck's flashing hazard lights and stopped on the road in front of 701 West Church Street to collect a small amount of yard waste at that residence. As the truck stopped, Burnett exited the passenger side to begin collecting tree limbs and leaves.

Meanwhile, Usry—who was driving her SUV with her young daughter in the

back of the vehicle—was also heading eastbound on West Church Street. Inexplicably, Usry did not see the boom truck, and moments after it stopped, her SUV collided into the rear of the City's vehicle without braking or even slowing prior to impact. Usry suffered a serious injury to her arm and lost consciousness. But just as her SUV was about to catch fire, Burnett pulled Usry's daughter—who was not seriously injured—from the vehicle, while Brown and another City employee—who happened to be driving by at the time—extricated Usry before she suffered any further harm. Shortly thereafter, a fire engine arrived to extinguish the vehicle fire, and an ambulance transported Usry to the hospital. Following the accident, Brown and Burnett noticed that the boom truck's hazard lights were still flashing.

> Approximately one hour after the collision, a Georgia State Patrol officer arrived to investigate the accident. Inspecting the boom truck, the state trooper observed that the rear of the vehicle was damaged and that its hazard lights had been destroyed and were not flashing. And as for Usry's vehicle, based on the extent of the damage, the trooper did not believe she was exceeding the 45 mph speed limit but could not definitively explain why she failed to see the boom truck—beyond opining that she was following too closely and the morning sun may have hindered her vision.

(Citations omitted.) *Usry I*, 365 Ga. App. at 427-428.

After this Court reversed the trial court's denial of summary judgment, the City

filed a renewed motion for summary judgment. Following a hearing, the trial court granted the City's motion in a summary order.

In two related enumerated errors, Usry contends that the trial court erred by granting the City's motion for summary judgment. We disagree.

"[A] grant of summary judgment must be affirmed if it is right for any reason, whether stated or unstated in the trial court's order, so long as the movant raised the issue in the trial court and the nonmovant had a fair opportunity to respond." *Mommies Properties v. Semanson*, 366 Ga. App. 153, 167 (6) (880 SE2d 376) (2022).

As we pointed out in *Usry I*, "[i]t is a well-established principle that merely because an accident occurred and a plaintiff suffered injury establishes no basis for recovery unless the plaintiff comes forward with evidence showing that the accident was caused by the defendant's negligence." (Citations and punctuation omitted.) *Usry I*, 365 Ga. App. at 429 (1). Usry now argues that "a jury question exists as to whether the City was negligent in requiring its employee, Richard Brown, to park in the roadway while collecting yard waste on West Church Street."

Usry has come forward with no affirmative evidence that the City was negligent. OCGA § 40-6-203 (c) expressly authorizes municipal vehicles to stop on the road to collect waste. See OCGA § 40-6-203 (c) ("any vehicle used solely for the purpose of

collecting municipal solid waste or recovered materials as defined in Code Section 12-8-22 may stop or stand on the road, street, or highway for the sole purpose of collecting such waste or materials; provided, however, that such vehicle shall maintain flashing hazard lights at all times that it is engaged in stopping or standing for the purpose of waste or materials collection").

Citing *Sinclair Disposal Service v. Ochoa*, 265 Ga. App. 172, (593 SE2d 358) (2004), Usry argues that compling with OCGA § 406-203 (c) does not insulate the City from a negligence claim. This case, however, is distinguishable from *Ochoa* because in *Ochoa* the garbage truck at issue stopped near the top of a downhill slope, partly on and off the roadway and this Court held that the trial court did not err by admitting evidence regarding a safer location for the stop. Here, it was inexplicable why Usry did not see the large, eight foot by eight foot boom truck parked on a straight, flat section of the street. The trooper who investigated the accident stated that he could not explain why Usry did not see the truck beyond opining that Usry may have been following too closely or the sun could have been in her eyes. Because

there is an absence of any evidence showing negligence on the part of the City, we affirm the trial court's grant of summary judgment to the City. See *Brown v. DeKalb County*, 333 Ga. App. 441, 445 (777 SE2d 23) (2015).

*Judgment affirmed. Mercier, C. J., and McFadden, P. J., concur.*