45591.   LINDSAY et al. v. DUVALL.

EBERHARDT, Judge. 1. One who has entered a controlled intersection on a green light but was required to stop therein to allow a vehicle which had previously entered and was in the process of making a left turn, and while so stopped in the intersection the traffic light changed, nevertheless had the right of way and was authorized to proceed across it, and another who entered the intersection from the right in this situation was required to yield to the vehicle already in it. *Code Ann.* § 68-1613 (a) (1).

2. "A driver having the right of way at an intersection has the right to assume that others will obey the rule of the road and will yield the right of way to him *(Eddleman v. Askew,* 50 Ga. App. 540 (179 SE 247); *Lusk v. Smith,* 110 Ga. App. 36 (137 SE2d 734)), and he has the right to proceed at a reasonable speed even though he sees another vehicle approaching. *Central Container Corp. v. Westbrook,* 105 Ga. App. 855, 862 (126 SE2d 264). It has also been held that under ordinary circumstances the failure of the driver having the right of way at an intersection to keep a lookout ahead is immaterial since if he had observed the approaching vehicle which was under a duty to yield to him, he would have been authorized to proceed across the intersection notwithstanding its approach. *Moffit v. Dean,* 84 Ga. App. 109 (65 SE2d 637)." *Meeks v. Johnson,* 112 Ga. App. 760, 764 (146 SE2d 121).

3. Applying these principles to the situation here it was proper to

direct verdicts for the defendant who operated the vehicle lawfully into the intersection and was guilty of no negligence, in an action brought by the operator of the vehicle who entered the intersection upon the change of the lights by "stepping on the gas, as I always do," without looking to determine whether the intersection was clear, and failing to yield to the defendant who was lawfully in the intersection, as well as in an action by one who was a passenger in the plaintiff's car.

*Judgments affirmed. Jordan, P. J., and Pannell, J., concur.*
SUBMITTED SEPTEMBER 11, 1970—DECIDED SEPTEMBER 25, 1970—
REHEARING DENIED OCTOBER 13, 1970.

*Robinson, Buice, Harben & Strickland, Sam S. Harben, Jr., Davies & Davidson, Jack Davidson,* for appellants.

*Swift, Currie, McGhee & Hiers, George W. Hart,* for appellee.