## 64237. MERRITT v. McCRARY.

BANKE, Judge.

This is a suit by Clarence L. Raybon and his wife, Melba Joyce Raybon, against co-defendants John Byron Merritt and Carl Bryant McCrary to recover damages resulting from a motor vehicle collision. The trial court found that there was no material issue of fact as to McCrary's alleged negligence and accordingly ruled that he was entitled to judgment as a matter of law. Merritt filed this appeal in order to preserve his right of contribution against McCrary in the event he (Merritt) is ultimately found liable to the plaintiffs. McCrary contends that Merritt lacks standing to appeal and has moved to dismiss.

The trial court made the following findings of fact, to which no exception is taken by either party:

"On June 29, 1979, shortly before or after midnight, McCrary was traveling north on Georgia 195 in his 1972 pickup truck at a speed of 55 miles per hour or less, and was approaching the intersection of Georgia 195 and a road known as Lamar or Spring Creek Road. Both roads were paved. There were stop signs at the intersection of Spring Creek Road to stop before crossing Georgia 195.

"The weather was cool and visibility clear. McCrary thinks that his headlights were on high beam but is not sure.

"McCrary had not had any alcoholic beverage to drink and in fact did not drink at all. He was returning from a coon hunt and had been successful to the extent that he caught one coon.

"At about the same time John Bryon [sic] Merritt was traveling west on Spring Creek Road driving his 1976 LTD Ford. He was traveling at a speed he estimates to be 50 miles per hour; his windshield was clear; his lights were in good order and there was no reason he could not see. Merritt had traveled that same road for a number of years.

"James Evans, brother of Mrs. Raybon, was riding in the front seat with Merritt. In the back seat were plaintiffs, Clarence L. Raybon, Melba Joyce Raybon, and their grandson, Lannie Barfield,

who was two-and-one-half years old at the time.

"Merritt had left work at 3:30 p.m. and at sometime after that arrived at the Raybon home. Merritt drank more than two beers before 9:00 p.m. Sometime around 9:00 p.m., the group that occupied Merritt's car left the Raybon home to go to the river. On the way to the river, they stopped and got some more beer. Merritt drank two or three beers after they got to the river. This was done at a place called Parker's, which is evidently a combination bait and beer establishment.

"Sometime around midnight they left Parker's and while traveling on Spring Creek Road nearing its intersection with Georgia 195, Merritt and Evans were singing a gospel song and harmonizing. According to Merritt this was four or five seconds before reaching Georgia 195 and he 'had settled back down to driving and Evans had slid over to the far side of the automobile.'

"Because he was not paying attention to where he was going, Merritt did not stop at the stop sign before driving his automobile onto Georgia 195.

"McCrary at this time was proceeding north on 195 and nearing Spring Creek Road. He saw the lights of the Merritt vehicle traveling west on Spring Creek Road and nearing its intersection with Georgia 195. McCrary does not remember whether or not he slowed down, but does know that he slammed on his brakes as soon as he realized the vehicle on Spring Creek Road was not going to stop before traveling onto Georgia 195.

"The McCrary vehicle skidded 70 feet before striking the left side of the Merritt vehicle.

"Plaintiff, Clarence L. Raybon, testified that he did not know of anything McCrary could have done to avoid the collision, and does not know of anything that McCrary did wrong.

"Plaintiff, Melba Joyce Raybon, testified that had she been in McCrary's place she does not know of anything she could have done." *Held:*

1. The appellee relies upon the following holding from *Southeastern Erection Co. v. Flagler Co.,* 108 Ga. App. 831 (134 SE2d 822) (1964), in support of his motion to dismiss the appeal: "A codefendant in a tort action has no standing to except to a judgment granting another codefendant's motion for summary judgment for the reason that its right to do so is dependent upon the right of contribution, which does not come into existence until those who have been sued have had judgment rendered against them upon a trial of the cause." This holding was based on Code Ann. § 105-2012 as it existed prior to 1972. The following language was added to the code section by Ga. L. 1972, p. 132: "Without the necessity of being

charged by suit or judgment, the right of contribution from another or others shall continue unabated and shall not be lost or prejudiced by compromise and settlement of a claim or claims for injury to person or property or for wrongful death, and release therefrom."

In *Lewis Card & Co. v. Liberty Mut. Ins. Co.,* 127 Ga. App. 441 (1) (193 SE2d 856) (1972), this court strongly hinted that the 1972 amendment provided a right of contribution among joint tortfeasors prior to the entry of judgment against the party seeking contribution; however, the amendment was held to be inapplicable in that case because the tort at issue had occurred prior to 1972. In a special concurrence, Judge Deen noted that to deny one joint tortfeasor the right to appeal a judgment in favor of another joint tortfeasor in a case in which both are defendants tends to subvert the Civil Practice Act's purpose of allowing the whole case to be tried at one time, and he surmised that the purpose of the 1972 amendment had been to correct this anomaly. It appears that this court has not subsequently been confronted with the task of interpreting the amendment. In *Shaw v. Jones,* 129 Ga. App. 95 (198 SE2d 709) (1973), and *Finnocchio v. Lunsford,* 129 Ga. App. 694 (1) (201 SE2d 1) (1973), as in *Lewis Card & Co.,* supra, the tortious conduct at issue occurred prior to 1972, and consequently the 1972 amendment was held inapplicable. Cf. *F. H. Ross & Co. v. White,* 224 Ga. 324 (161 SE2d 857) (1968). The holding in *Southeastern Erection Co.,* supra, was restated in *Robinson v. Franwylie, Inc.,* 145 Ga. App. 507, 511 (2) (244 SE2d 73) (1978); however the issue in that case was whether two alleged tortfeasors who already had a valid appeal before the court were entitled to file briefs in a companion case, not whether one joint tortfeasor was entitled to appeal a summary judgment against his co-defendant.

For the reasons stated by Judge Deen in his special concurrence in *Lewis Card & Co.,* supra, we now hold that the 1972 amendment to Code Ann. § 105-2012 eliminated the rule that a co-defendant in a tort action is without standing to appeal the grant of summary judgment to another co-defendant against whom he asserts a right of contribution. The appellee's motion to dismiss this appeal for lack of standing is accordingly denied.

2. " 'A driver having the right-of-way at an intersection has the right to assume that others will obey the rule of the road and will yield the right-of-way to him (cits.), and he has the right to proceed at a reasonable speed even though he sees another vehicle approaching . . . .' " *Lindsay v. Duvall,* 122 Ga. App. 613 (2) (178 SE2d 312) (1970), quoting *Meeks v. Johnson,* 112 Ga. App. 760, 764 (146 SE2d 121) (1965). This does not mean, of course, that such a driver has the right to drive blindly across an intersection, without regard to the

approach or crossing of other vehicles and without exercising ordinary care to avoid a collision if he sees or by the exercise of ordinary care should have seen that one is imminent. See, e.g., *Eddleman v. Askew,* 50 Ga. App. 540 (179 SE 247) (1934); *Kirkland v. Moore,* 128 Ga. App. 34 (195 SE2d 667) (1973). However, the undisputed evidence of record in this case reveals that the appellee was in fact alert for other vehicles as he was crossing the intersection and that he hit his brakes as soon as he saw that the vehicle driven by the appellant was going to run the stop sign. Under these circumstances, we must agree with the trial court that the evidence affirmatively negates any claim that the appellee was guilty of negligence.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JULY 6, 1982.

*John T. Laney III, W. G. Scrantom, Jr.,* for appellant.
*Carl R. Langley, William J. Murray, Henry C. Custer, J. Frank Myers,* for appellee.