### 67118. STEELE et al. v. BLICKSTEIN.

McMURRAY, Chief Judge.
This is a tort case arising out of a collision of automobiles occurring at an intersection of streets in which the traffic was controlled by traffic lights.

Plaintiffs (the driver and her passenger in one automobile) contend they were driving northerly on Piedmont Road in Atlanta, Georgia, and entered the Piedmont-Pharr Road intersection on a green left turn arrow in anticipation of making a left turn but waited to make the turn as the arrow had turned yellow. As soon as the light controlling the southbound traffic turned red, she proceeded to cross the southbound lane. At that point in time the defendant, driving south on Piedmont Road, ran the red light, striking plaintiffs' automobile in the right side from which they suffered injuries.

Defendant, however, contends plaintiff driver turned left into his path as he proceeded south with a green light and thus failed to yield the right-of-way by turning left in front of him.

At the trial both parties submitted testimony in support of their positions, in substance, as set forth above. A jury verdict and judgment was returned in favor of the defendant, and plaintiffs appeal enumerating as error the refusal to give a written request to charge allegedly taken from *Lindsay v. Duvall,* 122 Ga. App. 613 (1) (178 SE2d 312). *Held:*

The written request, in substance, was as follows: "[O]ne who has entered a controlled intersection on a green light but was required to stop therein . . . and while so stopped in the intersection the traffic light changes, nevertheless had the right of way and was authorized to proceed against it, and another who entered the intersection . . . was required to yield to the vehicle already in it." The substance of this request, taken from headnote 1 of *Lindsay v. Duvall*, supra, is from former Code Ann. § 68-1613 (a) (1) (Ga. L. 1953, Nov. Sess., pp. 556, 570; 1966, pp. 183, 184) with reference to the green or go signal at an intersection, that is, that even if the light is green other vehicles "shall yield the right-of-way to other vehicles . . . lawfully within the intersection . . ." This statute was repealed by Georgia Laws 1974, pp. 633, 691 and the statute in reference thereto now is found in OCGA § 40-6-21 (formerly Code Ann. § 68A-202 (Ga. L. 1974, pp. 633, 646; 1975, pp. 496, 497; 1977, pp. 278, 279)). The trial court did not give this charge but instructed the jury as to the law of traffic control devices, including the meaning of the light colors, particularly the green indicator, as found in OCGA § 40-6-21 (Code Ann. § 68A-202), supra, and with reference to the green indicator that traffic facing a "circular green." may proceed "straight through . . . unless" otherwise prohibited, by "vehicular traffic" and "shall yield the right-of-way to other vehicles at the time such signal is exhibited." The language given should have included "vehicles lawfully within the intersection," so as to clearly set forth that even though the green indicator gave the driver facing the "circular green" the right-of-way, the driver "shall yield the right-of-way to other vehicles . . . lawfully within the intersection." However, in the very next paragraph of the court's charge we find the following: "Traffic facing a green arrow . . . may cautiously enter the intersection only to make the movement indicated by such arrow or such other movement as is permitted by other indications shown at the same time. Such vehicular traffic shall yield the right-of-way to other traffic lawfully using said intersection." This instruction referred to "a green arrow" and not to the "circular green" indicator having the right-of-way. Therefore, we note that under OCGA § 40-6-21 (a) (1) (A) (Code Ann. § 68A-202), supra, the court failed to properly instruct the jury as to its consideration with reference to the parties having the right-of-way and the course required as to each under the circumstances. It is true the plaintiffs contend that the defendant ran a red light when they were making the left turn to cross the southbound Piedmont Road traffic. The defendant, however, contends he had the right-of-way by reason of the green light as he proceeded south. Nevertheless, under OCGA § 40-6-21 (a) (1) (A) (Code Ann. § 68A-202), supra, the jury, from the evidence, could have concluded that having the right-of-way the plaintiffs were at fault by reason of the language left out by the trial court

as to "vehicles lawfully within the intersection," for the statute clearly states that even the vehicle having the right-of-way by reason of the "circular green" traffic signal it "shall yield the right-of-way to other vehicles . . . lawfully within the intersection." Whether or not the vehicle operated and occupied by plaintiffs was lawfully within the intersection was for jury determination from the evidence submitted, hence the trial court failed to properly charge the jury in this instance placing the onus by its charge upon the plaintiffs as not cautiously entering the intersection to make the move indicated by the green arrow "or such other movement as is permitted by other indications shown at the same time," and such vehicle failed to yield the right-of-way to the other traffic (the defendant) lawfully using the intersection. Therefore, based upon the statute, OCGA § 40-6-21 (a) (1) (A) (Code Ann. § 68A-202), supra, and *Lindsay v. Duvall*, 122 Ga. App. 613 (1), supra, the court erroneously charged the jury in this instance. While the facts of the *Lindsay v. Duvall* case are considerably different, nevertheless, the written request should have been given as the facts here require the same. See OCGA § 40-6-21 (a) (1) (A) (Code Ann. § 68A-202), supra.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 6, 1984 —
REHEARING DENIED MARCH 9, 1984 —

*Randolph A. Mayer*, for appellants.
*Charles E. Buker, Williston C. White, David K. Whatley*, for appellee.