## 75957. EDWARDS v. TRAMMELL et al.
### (369 SE2d 288)

CARLEY, Judge.

This tort action arose out of the collision between an automobile and a school bus. The automobile was owned and was being driven by appellant-plaintiff Ms. Hope Edwards. The school bus was being driven by appellee-defendant Ms. Irene Trammell in the course of her employment with the appellee-defendant DeKalb County School District (District). Appellant's complaint alleged that appellee Ms. Trammell had negligently operated the school bus and that her negligence was imputable to the appellee District under the theory of respondeat superior. Appellees answered, denying the material allegations of the complaint. Appellees also filed counterclaims, alleging that appellant's negligence in the operation of her automobile had proximately caused damages to them.

After a period of discovery, appellees moved for summary judgment, both as to appellant's main action and their own counterclaims. After conducting a hearing, the trial court granted appellees' motions for summary judgment as to appellant's main action. With regard to the counterclaims, the trial court also granted partial summary judgment in favor of appellees as to the issue of appellant's liability but denied summary judgment as to the issue of damages. Appellant appeals from the trial court's grant of summary judgment in favor of appellees as to the issue of liability for the collision.

A review of the record shows the following: Immediately prior to the collision, appellee Ms. Trammell was travelling eastbound in the left-hand turn lane of North Druid Hills Road, approaching the intersection of North Druid Hills Road with LaVista Road. The traffic at this intersection is controlled by a traffic light and, as the school bus started to enter the intersection, the traffic light was then showing a green left-turn arrow. However, before the school bus could begin its left turn, the traffic signal changed to a yellow left-turn arrow. Appellee Ms. Trammell did not try to complete her left turn but stopped in the intersection to wait. At this point, the school bus was pointing straight ahead into the intersection but with a significant portion of the school bus projecting over the pedestrian crosswalk which crossed North Druid Hills Road. Because the traffic at the intersection was heavy, appellee Ms. Trammell was forced to wait until the traffic signal had turned red and the approaching westbound traffic on North Druid Hills Road had cleared before she began to turn the school bus left onto LaVista Road. Before turning left, however, appellee Ms. Trammell did look ahead to determine whether the westbound traffic on North Druid Hills Road had cleared and then she looked left to determine that traffic on LaVista Road would not impede her turn. It was only as she was turning the school bus left that appellee Ms.

Trammell saw appellant's automobile for the first time. Appellant was travelling westbound on North Druid Hills Road and the uncontroverted evidence is that appellant entered the intersection against a red traffic signal. Appellant's automobile struck the front of the school bus. At the time of the collision, the school bus was travelling approximately five miles per hour. Appellant has no independent recollection of any events surrounding the collision and no one was in the automobile with her at the time. In her deposition, appellant stated that she was familiar with the intersection and that there is nothing in the intersection which would prevent a driver travelling westbound on North Druid Hills Road from seeing a school bus in the intersection.

Appellant urges that, on this evidence, a genuine issue of material fact remains as to the negligence of appellee Ms. Trammell in turning the school bus left on a red light across the lanes of westbound traffic on North Druid Hills Road. However, the law clearly provides that if appellee Ms. Trammell had lawfully entered the intersection but was required to stop before she could complete her turn, then she would have the right-of-way in the intersection as against other motorists. "One who has entered a controlled intersection on a green light but was required to stop therein . . . and while so stopped in the intersection the traffic light changed, nevertheless had the right-of-way and was authorized to proceed across it, and another who entered the intersection . . . in this situation was required to yield to the vehicle already in it. [Cit.]" *Lindsay v. Duvall*, 122 Ga. App. 613 (1) (178 SE2d 312) (1970). See also *Steele v. Blickstein*, 170 Ga. App. 177 (316 SE2d 767) (1984). The evidence is undisputed that appellee Ms. Trammell did enter the intersection on a green left-turn arrow and that she was required to stop in the intersection when the green left-turn arrow turned to yellow. Appellant offered no evidence which contradicted appellee Ms. Trammell's testimony that, when she stopped as the left-turn arrow turned from green to yellow, a significant portion of the bus projected over the crossway. Thus, there is no dispute that the bus, when it stopped, was entirely blocking pedestrian traffic across North Druid Hills Road. Therefore, even assuming that the evidence did not affirmatively show that the bus was projecting far enough out into the intersection so as to constitute a danger to the bus itself or to vehicles travelling on LaVista Road, it is clear that the bus was projecting far enough out into the intersection so as to constitute a danger to pedestrian traffic attempting to cross North Druid Hills Road. See OCGA § 40-6-90 et seq. Thus, under the undisputed evidence, the bus had the right-of-way in the intersection as a matter of law.

Appellant further urges that, even if, as a matter of law, the bus had the right-of-way in the intersection at the time of the collision, a

24

genuine issue of material fact would yet remain as to whether appellee Ms. Trammell was negligent in exercising that right-of-way. " ' "A driver having the right-of-way at an intersection has the right to assume that others will obey the rule of the road and will yield the right-of-way to him (cits.), and he has the right to proceed at a reasonable speed even though he sees another vehicle approaching. . . ." ' [Cit.] This does not mean, of course, that such a driver has the right to drive blindly across an intersection, without regard to the approach or crossing of other vehicles and without exercising ordinary care to avoid a collision if he sees or by the exercise of ordinary care should have seen that one is imminent. [Cits.]" *Merritt v. McCrary*, 162 Ga. App. 825, 827-828 (2) (292 SE2d 920) (1982).

The undisputed evidence is that, notwithstanding her entitlement to assume that appellant would obey the red light, appellee Ms. Trammell nevertheless did look forward at the on-coming lanes of westbound traffic on North Druid Hills Road before she started her left turn onto LaVista Road. Even with this precaution and while proceeding at the speed of only 5 miles per hour, appellee Ms. Trammell's bus was struck when appellant ran the red light. There is no conflicting evidence which would show that, within a period of time sufficient to avoid the collision, appellee Ms. Trammell saw or should have seen that appellant was going to run the red light. Thus, the undisputed evidence shows that appellee Ms. Trammell had the right-of-way in the intersection, that appellant ran a red light, and that, despite looking before turning, appellee Ms. Trammell did not see that appellant would fail to stop for the red light until appellant's collision with the bus was unavoidable. Accordingly, this is one of those rare cases wherein issues of negligence, contributory negligence[1] and proximate cause are for the court rather than for a jury to decide. See generally *Merritt v. McCrary*, supra; *Lindsay v. Duvall*, supra. "[I]n the absence of any evidence showing appellee[s'] negligence and the presence of evidence showing negligence on the part of [appellant], we agree with the trial court that appellees have satisfied their evidentiary burden so as to support an award of summary judgment." *Jenkins v. Storey Trucking Co.*, 184 Ga. App. 672, 673 (362 SE2d 466) (1987).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

---

[1] It is true that the *common law* defense of contributory negligence is of no force and effect in Georgia. See generally *Macon & Western R. Co. v. Johnson*, 38 Ga. 409, 431-433 (1, 2) (1868); *Ohio S. Express Co. v. Beeler*, 110 Ga. App. 867, 868 (140 SE2d 235) (1965). It is clear, however, that contributory negligence as a defensive *concept* continues to be viable in this state. See *Whatley v. Henry*, 65 Ga. App. 668, 673 (6) (16 SE2d 214) (1941) (discussing the difference between contributory negligence as a complete defense to the defendant's liability and comparative negligence which reduces the plaintiff's recovery.)

DECIDED APRIL 21, 1988 —
REHEARING DENIED MAY 2, 1988 — 

*Nicholas C. Moraitakis, Mary M. House, Clyde E. Rickard III,* for appellant.
*W. Jeffrey Langley,* for appellees.