## A02A1978. HEFNER et al. v. MAIORANA.
(576 SE2d 580)

MIKELL, Judge.

Diane E. Hefner and her husband, Scott Hefner, appeal from the judgment entered on the jury's verdict in favor of the defendant, Suzanne O. Maiorana, in this personal injury action arising from an automobile collision. The Hefners enumerate as error the trial court's refusal to give three of their requested jury instructions concerning which vehicle has the right of way when approaching an intersection. Because the principles in the requested charges were adequately covered by the trial court, we affirm.

The evidence, viewed in the light most favorable to the jury's verdict, shows that on February 14, 2000, Maiorana drove her Suburban northbound on Vineville Avenue in Macon in the center lane of traf-

---

fic. She testified that Vineville has two northbound lanes and one southbound lane. As Maiorana approached Vista Circle, the traffic light turned yellow. She testified that she was approximately one and one-half car lengths away from the intersection at the time. Maiorana decided to proceed through the intersection. As she was doing so, Maiorana saw Diane Hefner's vehicle, which was in the southbound lane on Vineville, turn left into the intersection. Maiorana veered to the right in an attempt to avoid striking Hefner's Land Cruiser, but the vehicles collided head-on in the right-hand lane.

Hefner testified that she had pulled out into the intersection in order to make a left-hand turn onto Vista Circle. The light was yellow when she started to turn. Hefner testified that when she looked in the northbound lanes to make certain it was safe to proceed, she saw only one vehicle stopped in the right-hand lane and nothing in the center lane. According to Hefner, she did not see Maiorana's red Suburban until it struck her vehicle. A witness testified that the speed limit on Vineville is 35 mph, that he had been proceeding at that speed northbound in the right-hand lane, and that the Suburban had passed him about a minute before the collision.

Following the charges to the jury, the Hefners excepted to the failure to give request to charge nos. 15, 16, and 17, thereby properly preserving the alleged error for appeal.[1]

1. "In order for a refusal to charge to be error, the requests must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge."[2] Additionally, a charge "must not be argumentative or seek an expression of opinion on the part of the court."[3] Bearing these principles in mind, we review the requested charges. Number 15 states that a "vehicle approaching an intersection does not automatically have the right of way over a vehicle turning left in the approaching vehicle's lane of travel [and] the approaching vehicle must exercise ordinary care regarding speed and lane change movements." This concept was adequately covered by the trial court's charge. The court instructed the jury that a driver is "obligated to maintain a proper lookout and to exercise ordinary care to avoid colliding with other vehicles on the road. A driver has no right to assume the road ahead is clear, and has a duty to maintain a diligent lookout ahead." Additionally, the court properly charged the jury on OCGA § 40-6-180, which provides in

---

[1] *Golden Peanut Co. v. Bass*, 249 Ga. App. 224, 236 (2) (547 SE2d 637) (2001).

[2] (Citation and punctuation omitted.) *Locke v. Vonalt*, 189 Ga. App. 783, 787 (4) (377 SE2d 696) (1989).

[3] (Citation, punctuation and footnote omitted.) *McDonald v. Dept. of Transp.*, 247 Ga. App. 763, 764 (1) (544 SE2d 747) (2001).

pertinent part that "every person shall drive at a reasonable and prudent speed when approaching and crossing an intersection." As the jury was otherwise instructed on the concept embodied in the requested charge, the trial court did not err in failing to give it.[4]

2. Request to charge no. 16 is adapted from the following quotation in *Edwards v. Trammell*:[5]

> One who has entered a controlled intersection on a green light but was required to stop therein . . . and while so stopped in the intersection the traffic light changed, nevertheless had the right-of-way and was authorized to proceed across it, and another who entered the intersection . . . in this situation was required to yield to the vehicle already in it.[6]

Request to charge no. 17 is also derived from *Edwards*, and it states that "a driver having the right-of-way at an intersection has the right to assume that others will obey the rules of the road and will yield the right-of-way to her, and she has the right to proceed at a reasonable speed even though she sees another vehicle approaching."

The trial court did not err in refusing to give the requested instructions for two reasons. First, *Edwards* is factually inapposite. It involved a school bus that had entered an intersection on a green light but had been forced to wait until the light turned red before completing a left-hand turn. It was undisputed that the appellant in *Edwards* ran a red light and struck the bus. We held that because the bus posed a danger to pedestrian traffic, it had the right of way as a matter of law.[7] None of the controlling facts are present in the instant case, and the principles in the charges requested by the Hefners are not adjusted to the evidence. Second, the trial court properly charged the jury at length on the Code sections dealing with traffic lights, the right of way, and traveling at a reasonable speed when approaching an intersection.[8] "A party is not entitled to have all of his requested charges given merely because he requests them."[9]

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

---

[4] *Ploof Truck Lines v. Bennett*, 221 Ga. App. 789, 790 (1) (472 SE2d 552) (1996).
[5] 187 Ga. App. 22 (369 SE2d 288) (1988).
[6] (Citations and punctuation omitted.) Id. at 23.
[7] Id.
[8] OCGA §§ 40-6-21; 40-1-1; 40-6-71; 40-6-180.
[9] (Citation and punctuation omitted.) *Ploof Truck Lines*, supra.

DECIDED JANUARY 10, 2003.

*O'Neal, Brown & Clark, Philip M. Brown, Paul M. Knott, Deric J. Beaudoin*, for appellants.
*Chambless, Higdon & Carson, John J. Makowski*, for appellee.