*Orville A. Park, Allen & Pottle, C. N. Davie,* for plaintiff.
*J. B. Duke,* for defendant.

18393. WESTERN & ATLANTIC RAILROAD *v.* THOMPSON.

STEPHENS, J. 1. A witness could give his opinion as to the speed of a railroad train, when his opinion was based upon his experience in being knocked down and run over by the train, and he formed this opinion from "the way they struck" him and from the distance the train ran after striking him before stopping, although he did not see the train before it struck him. These facts, testified to by the witness, upon which the opinion was based, were sufficient to authorize the admission of his opinion in evidence, its probative value being for the jury.

2. A presumption of negligence proximately causing an injury arises against a railroad company upon proof that the injury was caused by the operation of the defendant's train. Civil Code (1910), § 2780. It is not necessary, in order to enable the plaintiff to avail himself of this presumption, for him to prove, otherwise than by showing that his injury was caused by the operation of the defendant's train, that the presumed negligence of the defendant proximately caused the injury. *Western & Atlantic Railroad* v. *Dobbs,* 36 *Ga. App.* 516 (137 S. E. 407).

3. While the presumption of negligence arising against a railroad company upon proof that the injury was caused by the operation of the company's train, as provided in the Civil Code (1910), § 2780, may be rebutted by its being made to appear that the agents of the company exercised ordinary and reasonable care and diligence, and while, in a suit against the company to recover for the injury, a complete defense is established upon proof by the company that its agents used ordinary and reasonable care and diligence, and while the court is not called upon to charge that in order to rebut this presumption of negligence, there is required more than proof that the company's agents have used ordinary and reasonable care and diligence, yet where in the charge the court

instructs the jury that this presumption of negligence is removed upon proof that the company has exercised ordinary and reasonable care and diligence, "or" (using the disjunctive) if the plaintiff's injury was caused by some cause other than the defendant's negligence, this charge is not subject to the objection that it places upon the company, in order to rebut the presumption of negligence, an additional burden not required by the statute.

4. Upon the trial of a suit against a railroad company in which the plaintiff seeks to recover damages for injuries received by him as a result of being run into by the defendant's train while he was attempting to cross the track in front of it, it was not error for the court to instruct the jury that an ordinance of the city in which the injury occurred, which had been introduced in evidence, regulating the speed of railroad trains in the city limits, the validity of which was not attacked, was a valid ordinance, although he submitted to the jury, as an issue of fact, whether the ordinance was reasonable as applied to the place where the injury occurred. See, in this connection, *Bugg* v. *Ledford*, 35 *Ga. App.* 647 (134 S. E. 330).

5. Where upon the trial of such a case the court in the charge repeatedly instructed the jury that a duty rested upon the plaintiff to exercise ordinary care to avoid the injury, and that a duty also rested upon the plaintiff to use ordinary care to avoid the consequences to himself of the defendant's negligence, and that if the plaintiff's negligence caused the injury to him he could not recover, and where the court defined ordinary and reasonable care and diligence as "that care which every prudent man would exercise under the same or similar circumstances," yet where the court nowhere instructed the jury that a duty rested upon the plaintiff to exercise due care to avoid injuries from dangers known to him, and where the evidence authorized an inference that the plaintiff was injured at a place traversed by many railroad tracks over which many trains passed, and that immediately preceding the time when he was injured he knew that he was in a dangerous place and was exposed to the danger of being run over by railroad trains, and the evidence being such as would authorize the inference that the plaintiff, in attempting to pass across the tracks of the defendant, failed to exercise due care under the circumstances, and that his own negligence was the cause of the injury to him, and where the evidence further authorized the inference that under the circumstances due care on the part of the plaintiff might have required him to look and listen before going upon the railroad track, and where the evidence did not make a strong cause for recovery by the plaintiff, the court erred in not giving to the jury certain instructions requested by the defendant which were pertinent and adjusted to the issues made by the evidence, and were not specifically covered in the charge given, the requested instructions being as follows: "If a person is in a place of danger, he is under the duty not only to exercise ordinary care to avoid injury to himself from dangers known to him to exist, but he is also bound to use that degree of care and caution which an ordinarily prudent person would exercise under similar circumstances to discover approaching danger and thereafter to avoid the same;" also, "If the jury believe that under the circumstances shown by the evidence prudent men, in the exercise of ordinary care, would

look and listen before going upon the railroad track, it would have been incumbent upon plaintiff to have done so." See, in this connection, *Metropolitan Street Railroad Co.* v. *Johnson*, 90 *Ga.* 500 (5) (16 S. E. 49); *Columbus Railroad Co.* v. *Peddy*, 120 *Ga.* 589 (3) (48 S. E. 149); *Collum* v. *Georgia Railway & Electric Co.*, 140 *Ga.* 573 (3) (79 S. E. 475).

6. A verdict having been found for the plaintiff, the court erred in not granting the defendant a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 25, 1928. REHEARING DENIED SEPTEMBER 28, 1928.

*Tye, Peeples & Tye,* for plaintiff in error.
*Colquitt, Conyers & Smith,* contra.