### 42616. BOATNER v. SIMS et al.

DEEN, Judge. 1. The plaintiff, driving his automobile west on a paved road at a point approximately 100 feet east of its intersection with another road, made a left turn into premises occupied by a filling station. The defendant, driving in an easterly direction, had just crossed the intersection and the vehicle collided at a point on the pavement edge nearest to the entrance to the service station. There was a verdict for the defendant, and the plaintiff appealed. Under these cir-

cumstances it was error for the court to instruct the jury: "Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway except as follows: I charge you that the exceptions quoted in the Code are not applicable to this case, and therefore I shall not read them to you." The instruction is in the language of *Code Ann.* § 68-1633, one of the exceptions to the rule stated by the court being ". . . except . . . when preparing for a left turn at an intersection or into a private road or driveway." The court gave instructions as to left turns at intersections, but omitted all instructions as to left turns into private driveways such as the one here involved. This omission was harmful to the plaintiff.

2. The court permitted a police officer to testify over objection that he had investigated the incident and placed no charges against the defendant. Indubitably, the admission of this testimony was error because it was irrelevant to the issues and permitted an inference by the jury that the defendant had been exonerated. *Keebler v. Willard,* 91 Ga. App. 551 (86 SE2d 379); *Smith v. Goodwin,* 103 Ga. App. 248 (119 SE2d 35).

3. The court also erred in refusing to exclude testimony of the witness offered in identification of a photograph of the intersection that from examining the picture and *from his knowledge of the scene* there were double yellow lines marking the pavement at the point where the plaintiff made the left turn, after the witness further testified that he did not know whether the pavement markings were in existence at the time of the collision.

4. The instruction to the jury that the existence of negligence must be determined "by reference to the situation and *the knowledge of the parties* and all the attendant circumstances" is not approved, as it is likely to mislead the jury into thinking that a party must have actual knowledge of the facts in order to be negligent in his conduct, whereas negligence often results from lack of the exercise of ordinary care to discover and avoid a given danger. While it was stated in *Norris v. Macon Terminal Co.,* 58 Ga. App. 313, 317 (198 SE 272) that knowledge of the facts out of which the duty arises is an essential element for consideration in determining whether one has been guilty of negligence, it is also stated: "One is charged with knowledge or notice of what a

reasonably prudent person would have foreseen, and is negligent if he fails to use the care necessary to avoid danger which should have been anticipated."

5. The plaintiff had no view of the defendant's truck, and was immediately knocked unconscious by the blow. He neither saw the automobile nor any photographs of it after the collision. His only independent idea of the speed of the defendant's vehicle, therefore, would have to have been formed from the force of the blow, if he remembered it distinctly enough to testify regarding it, and if he had had sufficient experience to form an opinion relative to speed from this sensory perception alone. Evidence as to speed based only on the feeling of impact has been held inadmissible. Haight v. Nelson, 157 Neb. 341 (59 NW2d 576, 42 ALR2d 1). Certainly no proper foundation was laid here for the admission of testimony by the plaintiff as to the speed of the defendant's truck.

6. The remaining enumerations of error are without merit.

*Judgment reversed. Frankum, P. J., and Quillian, J., concur.*

ARGUED FEBRUARY 8, 1967—DECIDED FEBRUARY 23, 1967.

*Marson G. Dunaway, Jr.,* for appellant.
*Howe & Murphy, Harold L. Murphy,* for appellees.