## A02A2225. CHARLES v. GLOVER et al.
(574 SE2d 910)

BLACKBURN, Chief Judge.

Jesse Charles appeals the trial court's order granting summary judgment to Carl Jones and dismissing Jones from this personal injury case. For the reasons set forth below, we affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*.[1] So viewed, the evidence shows that, on December 5, 1998, Charles was a passenger in a car driven by Thomas Glover. After stopping at a stop sign, Glover turned onto Highway 49, thereby pulling into the path of, and being struck by, a car driven by Jones.

As a result of the accident, Charles filed suit against both Jones and Glover, alleging that they were jointly and severally liable for his injuries. Jones filed a motion for summary judgment. The trial court granted the motion, finding that there was no evidence that Jones was negligent per se in the operation of his vehicle without headlights, and that there was no other evidence that Jones was negligent in any way in the accident since his vehicle had the right of way over Glover's vehicle at the time and place of the collision. The trial court dismissed and discharged Jones as a party defendant in the case.

In a single enumeration of error, Charles argues that, even though Jones did not violate OCGA § 40-8-20 and was not negligent per se, a genuine issue of fact exists as to whether Jones should have had his lights on and did not, thus contributing to or causing the collision.

> A defendant may prevail at summary judgment under OCGA § 9-11-56 by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a genuine jury issue on at least one essential element of plaintiff's case. A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case.

(Punctuation omitted.) *Etheredge v. Kersey*.[2]

---

[1] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).
[2] *Etheredge v. Kersey*, 236 Ga. App. 243-244 (510 SE2d 544) (1998).

OCGA § 40-8-20 requires a driver to display headlights "at any time from a half-hour after sunset to a half-hour before sunrise and at any time when it is raining in the driving zone and at any other time when there is not sufficient visibility to render clearly discernible persons and vehicles on the highway at a distance of 500 feet ahead." The evidence shows that on December 5, 1998, the sun set at 5:29 p.m., and the accident occurred at 5:52 p.m. It was a clear evening without rain, fog, or haze. As the accident occurred within a half-hour of sunset and there were no unusual weather conditions, Jones was not required under OCGA § 40-8-20 to have his headlights on.

Though not required by law to have his headlights on, Jones stated in his deposition that his headlights were in fact on, both because he remembered turning them on, and because the light from the headlights reflected off of Glover's car immediately before the collision. Jones testified that the accident occurred when Glover pulled out in front of him and that he did not have time to put on his brakes. Through this evidence, Jones has made a prima facie showing that he is entitled to judgment as a matter of law with respect to Charles's allegation of negligence.

> In a summary judgment analysis, once the movant has made a prima facie showing that it is entitled to judgment as a matter of law, the burden shifts to the respondent to come forward with rebuttal evidence. In rebutting this prima facie case, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in OCGA § 9-11-56, must set forth specific facts showing that there is a genuine issue for trial.

(Punctuation omitted.) *Etheredge v. Kersey*, supra at 244-245.

Here, Charles has failed to present any evidence which raises a question of fact as to whether Jones was negligent. *Etheredge v. Kersey*, supra. Charles points out that Glover testified in his deposition that he "did not see any headlights at all." However, Glover also testified that he did not see Jones's vehicle at any time before the impact, or even at the impact, stating, "Well, I didn't see it at the impact. I felt it. 'Cause if I had seen him, I would've just stayed at the stop sign until."

Glover's testimony is not a statement of fact that he saw Jones's car and its headlights were not lit. Instead, his testimony amounts to an inference that because he never saw Jones's car, the car's headlights must not have been on. "An inference cannot be based on evidence which is too uncertain or speculative or which raises merely a

conjecture or possibility. A finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists." (Citation and punctuation omitted.) *Butler v. Huckabee*.[3] Accordingly, this testimony is not evidence that the headlights on Jones's car were not lit.

Jones also stated in his deposition that "It was more dark than light, but it was enough light to, you know, see." Charles argues that this statement creates a jury issue as to whether Jones should have had his lights on. This statement does not contradict Jones's testimony that his headlights were on.

Because the testimony relied upon by Jones in support of his motion for summary judgment pierced Charles's pleadings, Charles was required to set forth specific facts showing there was a genuine issue for trial. This Charles did not do. Accordingly, the trial court did not err in granting summary judgment to Jones. *Butler v. Huckabee*, supra.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED DECEMBER 4, 2002.

*Nelson & Smith, Ellis M. Nelson*, for appellant.
*Walker, Hulbert, Gray, Byrd & Christy, Michael G. Gray*, for appellees.

---

[3] *Butler v. Huckabee*, 209 Ga. App. 761, 762 (2) (434 SE2d 576) (1993).