## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 11-1789** (Jefferson County 11-F-8)

**Shane M. Dodson,**
**Defendant Below, Petitioner**

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner's appeal, by counsel Sherman L. Lambert Sr., arises from the Circuit Court of Jefferson County, wherein he was sentenced to a recidivist life sentence and one year of incarceration, said sentences to run consecutively, following his convictions for daytime burglary and domestic battery. That order was entered on June 8, 2011. The State, by counsel Brandon C.H. Sims, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 6, 2011, petitioner was convicted by jury of one count of daytime burglary and one count of domestic battery. The following day, the State filed a recidivist information alleging that petitioner had twice previously been convicted of qualifying felony offenses and therefore was subject to an enhanced sentence. Petitioner acknowledged his identity as the person identified therein on May 23, 2011. By order entered on June 8, 2011, the circuit court denied petitioner's motion for a new trial and sentenced him to a term of life in prison following his conviction for daytime burglary and the recidivist information, as well as one year of incarceration for his conviction of domestic battery, said sentences to run consecutively.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover,

> "[u]pon motion to direct a verdict for the defendant, the evidence is to be viewed in light most favorable to prosecution. It is not necessary in appraising its sufficiency that the trial court or reviewing court be convinced beyond a

1

reasonable doubt of the guilt of the defendant; the question is whether there is substantial evidence upon which a jury might justifiably find the defendant guilty beyond a reasonable doubt." *State v. West*, 153 W.Va. 325, 168 S.E.2d 716 (1969).

Syl. Pt. 1, *State v. Rogers*, 209 W.Va. 348, 574 S.E.2d 910 (2001) (internal citations omitted). Lastly,

"[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syllabus Point 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 2, *State v. Ladd*, 210 W.Va. 413, 557 S.E.2d 820 (2001).

On appeal, petitioner alleges that it was error to deny his motion for a new trial and that the prosecuting attorney committed misconduct. In support, he alleges that the record contains no evidence from which a jury could find his guilt on the burglary count beyond a reasonable doubt. He further argues that the prosecuting attorney committed conspiracy to elicit testimony from an witness who was intoxicated during the trial. In response, the State argues that multiple witnesses presented testimony sufficient to support petitioner's conviction for daytime burglary, and further that petitioner cites to no facts or law to support his arguments that an allegedly intoxicated witness affected his substantial rights.

Upon our review, we find no error by the circuit court in denying petitioner's motion for a new trial. As the State notes, the circuit court was presented with multiple witnesses that satisfied the necessary elements of daytime burglary. Further, petitioner based his motion for a new trial below on allegations of an intoxicated witness, and the circuit court found the evidence insufficient. We also find that petitioner has failed to establish that any prosecutorial misconduct occurred in regard to eliciting testimony from this witness.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: February 11, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II