# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0096** (Grant County 11-F-3)

**Ronald William VanMeter II,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner's appeal, by counsel Agnieszka Collins, arises from the Circuit Court of Grant County, wherein he was sentenced to consecutive terms of one to three years of incarceration following his conviction of two felony counts of failure to pay child support by order entered on December 21, 2011. The State, by counsel Dennis V. Dibenedetto, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2011, petitioner was sentenced as outlined above following his conviction on two felony counts of failure to pay child support in accordance with a July of 2005 order from the Family Court of Grant County. Petitioner was indicted under two versions of the applicable statute, based upon the time periods he was alleged to have failed to make payments and the enactment date of a revised version of West Virginia Code § 61-5-29. On appeal, petitioner alleges that the circuit court violated his due process rights by allowing the State to insist to the jury that a family court order had previously deemed petitioner fit to pay child support, thereby shifting the burden to petitioner to assert a defense of inability to pay. Petitioner also argues that certain comments during trial prejudiced him, including statements regarding petitioner's arrearages as his to other children and petitioner's home confinement. Petitioner also asserts that the State failed to establish the specific twelve-month period during which he allegedly failed to pay child support, as required by West Virginia Code § 61-5-29(2), and that the circuit court erred in denying his motion of acquittal or for a new trial because the State failed to establish that petitioner was able to make the payments at issue. Lastly, petitioner argues that the circuit court erred in allowing introduction of evidence pursuant to Rule 404(b) of the West Virginia Rules of Evidence.

1

In response, the State argues that its reference to the family court orders regarding petitioner's child support obligations was necessary to establish petitioner's child support obligations and that petitioner was not required, but instead chose, to explain his alleged inability to pay child support. Further, the State argues that it did not make any unfairly prejudicial comments during trial, but instead introduced relevant evidence in rebuttal after petitioner opened the door to evidence regarding his prior incarceration and child support obligations for other children. The State argues that it clearly proved the applicable time frames in which petitioner's crimes occurred, and that petitioner's ability to pay the obligation was established by evidence of his skills, prior employment, and a lack of evidence concerning any medical injuries that would prevent employment. Lastly, the State argues that the circuit court did not err in denying petitioner's motion for acquittal or a new trial because it was presented with sufficient evidence upon which to base his convictions.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). To begin, the Court finds no merit in petitioner's argument as to burden shifting. Our review of the record clearly shows that the State properly introduced evidence related to petitioner's child support obligation and his ability to pay the same in order to establish an essential element of the crimes charged. That petitioner chose to rebut this evidence by submitting evidence alleging an inability to pay did not result in a shifting of the burden of proof, as petitioner alleges.

In regard to petitioner's assignments of error related to the admission of certain testimony and evidence, the Court notes that "'[r]ulings on the admissibility of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion.' *State v. Louk*, 171 W.Va. 639, [643,] 301 S.E.2d 596, 599 (1983)." Syl. Pt. 1, *State v. Kaufman*, 227 W.Va. 537, 711 S.E.2d 607 (2011) (internal citations omitted). Upon our review, we find that the circuit court did not err in admitting the evidence of which petitioner complains, nor do we find that petitioner was unfairly prejudiced by the evidence. Further, in regard to petitioner's allegation that the circuit court erred in admitting evidence under Rule 404(b) of the West Virginia Rules of Evidence, the Court finds that the evidence was properly admitted in rebuttal to petitioner having opened the door to these issues.

As to petitioner's allegation that the State did not establish that he failed to pay child support for one year, the Court finds no merit to this assignment of error. We have previously held that,

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not

an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syllabus Point 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 2, *State v. Ladd*, 210 W.Va. 413, 557 S.E.2d 820 (2001) (internal citations omitted). The Court finds that the State established the specific time element of the crimes charged, and finds petitioner's argument as to this assignment of error unpersuasive. Moreover, petitioner admits in his brief that he failed to pay child support for a period of more than twelve months.

Lastly, in regard to petitioner's assertion that the circuit court erred in denying his motion for acquittal or a new trial, the Court notes that

"[u]pon motion to direct a verdict for the defendant, the evidence is to be viewed in light most favorable to prosecution. It is not necessary in appraising its sufficiency that the trial court or reviewing court be convinced beyond a reasonable doubt of the guilt of the defendant; the question is whether there is substantial evidence upon which a jury might justifiably find the defendant guilty beyond a reasonable doubt." *State v. West*, 153 W.Va. 325, 168 S.E.2d 716 (1969).

Syl. Pt. 1, *State v. Rogers*, 209 W.Va. 348, 574 S.E.2d 910 (2001). Upon our review of the record, the Court finds that the substantial evidence below was sufficient for a jury to find petitioner guilty of the crimes charged.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: February 11, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II