**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

July 28, 2015

# In the Court of Appeals of Georgia

A15A0265. BROWN v. DEKALB COUNTY et al.                    BO-012

A15A0267. LITTLE et al. v. DEKALB COUNTY et al.            BO-013

BOGGS, Judge.

Quintez Brown and Kimberly Little, individually, and as legal guardian and natural parent of her four minor children, filed personal injury actions against DeKalb County ("the County") and others as a result of a collision involving a DeKalb County fire truck. On appeal, they contend that the trial court erred by granting summary judgment in favor of the County. For the reasons explained below, we disagree and affirm.

"On appeal from the denial of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most

favorable to the nonmoving party, warrant judgment as a matter of law." (Citation and punctuation omitted.) *Hood v. Todd*, 287 Ga. 164, 165 (695 SE2d 31) (2010); see OCGA § 9-11-56 (c).

So viewed, the evidence shows that on May 3, 2011, Brown was driving a car in which Little and her three children were passengers when it collided with a DeKalb County Fire Department truck. Brown and Little testified that they never saw or heard the fire truck before the collision. The driver of the fire truck never saw Brown's car before the collision, while two fire truck passengers saw it just before the impact and had no time to give a warning.

The testimony conflicts as to whether the car driven by Brown struck the fire truck as Brown entered the intersection with a green light or whether the fire truck struck Brown as it entered the intersection against a red light. Brown and Little claim the fire truck struck them, while all other witnesses stated that the car driven by Brown struck the fire truck. Little testified that the car was at a standstill immediately before the impact, while Brown testified that he had just started to proceed when the fire truck struck his car. According to the driver and two passengers of the fire truck, the fire truck entered the intersection with its lights and siren activated when all traffic was stopped and the intersection was clear. An accident reconstruction expert

2

averred in an affidavit that, based upon data retrieved from Brown's car, it traveled at a constant speed of 29 mph for 213 feet without any braking immediately prior to impact.

It is undisputed that at the time of the accident, the fire truck was responding to an emergency call and was blowing an air horn at the time it entered the intersection. Two firefighters averred in an affidavit that the flashing red emergency lights on the fire truck "were visible from a much greater distance than 500 feet" at the time of the accident. Witnesses disagreed about how hard it was raining at the time of the accident. Brown and Little both testified that it was "pouring down raining," while the fire truck driver testified that it was "slightly raining."

Evidence regarding the speed of the fire truck at the time of the impact also conflicts. Occupants of the fire truck and an independent witness testified that the fire truck was moving at a slow rate of speed at the time of the impact. While Little did not see the fire truck before the impact, she testified that she was "guesstimating" that it was traveling 60 to 70 mph based upon how the impact felt and the fact that the car's air bag deployed. She did not see the damage to the fire truck after the collision and acknowledged that she did not have any training in engineering or accident reconstruction and had never before been hit by a vehicle traveling 60 to 70 mph.

3

Brown and Little contend on appeal that a jury should be allowed to decide the following issues: (1) "whether it was reasonable for the emergency vehicle to have entered the intersection when the light was red when there was a torrential rain at the time of the collision"; (2) "whether the DeKalb County fire truck entered the intersection with their audible signal and flashing red lights"; and (3) whether the "fire truck was authorized to enter[] the intersection when the light was red based upon the exception provided under Code section OCGA § 40-6-6." We disagree.

We start our analysis with a well-established principle: "That an accident occurred and a plaintiff suffered injury establishes no basis for recovery unless the plaintiff comes forward with evidence showing that the accident was caused by the defendant's negligence." (Citations and punctuation omitted.) *Morton v. Horace Mann Ins. Co.*, 282 Ga. App. 734, 736 (1) (639 SE2d 352) (2006). In order to examine whether appellants presented evidence that the driver of the fire truck was negligent, we must examine the following provisions of OCGA § 40-6-6:

> (a) The driver of an authorized emergency vehicle or law enforcement vehicle, when responding to an emergency call, when in the pursuit of an actual or suspected violator of the law, or when responding to but not upon returning from a fire alarm, may exercise the privileges set forth in this Code section.

(b) The driver of an authorized emergency vehicle or law enforcement vehicle may: . . . (2) Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation; . . .

(c) The exceptions granted by this Code section to an authorized emergency vehicle shall apply only when such vehicle is making use of an audible signal and use of a flashing or revolving red light visible under normal atmospheric conditions from a distance of 500 feet to the front of such vehicle. . . .

(d)(1) The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons. . . .

(3) The provisions of this subsection shall apply only to issues of causation and duty and shall not affect the existence or absence of immunity which shall be determined as otherwise provided by law.

The direct evidence before the trial court shows that the fire truck was responding to an emergency call while using an audible signal and flashing red emergency lights visible from a distance of 500 feet at the time of the accident. Brown and Little assert that their testimony that it was "pouring down raining" and that they failed to see or hear the fire truck before the collision creates genuine issues

of material fact regarding whether the privilege afforded by OCGA § 40-6-6 could be exercised. Again, we disagree.

> In ruling on a motion for summary judgment, a finding of fact that may be inferred from, but is not demanded by, circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists, provided that the circumstantial evidence may be construed consistently with the direct evidence.

(Citation and punctuation omitted.) *Brown v. GeorgiaCarry.Org, Inc.*, 331 Ga. App. 890, 894 (770 SE2d 56) (2015). The fact that Brown and Little did not see or hear the fire truck before the collision and that it was raining provides circumstantial evidence to support an inference that the fire truck may not have been using an audible signal and flashing red lights, but this inference is not demanded from their testimony. Because Brown and Little's testimony can be construed consistently with the direct evidence that the fire truck was using an audible signal and flashing red lights visible from a distance of 500 feet, it is insufficient to create a genuine issue of material fact on the applicability of OCGA § 40-6-6. See id. at 895. Moreover, "[n]egligence is not to be presumed, but is a matter for affirmative proof. In the absence of some affirmative proof of negligence, we must presume performance of duty and freedom

6

from negligence." (Citation and punctuation omitted.) *Purvis v. Steve*, 284 Ga. App. 116, 118 (1) (643 SE2d 380) (2007).

Little's testimony that the fire truck was traveling 60 to 70 mph at the time of impact also fails to create a genuine issue of material fact as to negligence on the part of the County. Lay opinion lacking a proper foundation cannot be considered when ruling upon a summary judgment motion. *Jordan v. Atlanta Replex Corp.*, 228 Ga. App. 670, 674 (a) (492 SE2d 536) (1997) (physical precedent only). OCGA § 24-7-701 (a) (1) provides that a lay "witness's testimony in the form of opinions or inferences shall be limited to those opinions or inferences which are [] [r]ationally based on the perception of the witness." Here, Little's testimony that the car was traveling 60 to 70 mph could not be rationally based on her perception of how the impact felt. She acknowledged that she had never before been hit by a car traveling at that speed and that she was not an expert in accident reconstruction.

In a case decided under Ga. Code §38-1708, recodified in 1980 as OCGA § 24-9-65,[1] this court noted that "[e]vidence as to speed based only on the feeling of impact has been held inadmissible. [Cit.]" *Boatner v. Sims*, 115 Ga. App. 284, 286 (5) (154

---

[1] This former Code section provided: "Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor."

7

SE2d 282) (1967). We therefore held that a plaintiff's testimony about speed formed solely from the force of the impact lacked a proper foundation and could not be considered. Id.

While lay opinion testimony about the speed of a vehicle is generally "quintessential Rule 701 opinion testimony," *Asplundh Mfg. Div. v. Benton Harbor Eng.*, 57 F. 3d 1190, 1197 (II) (A) (3rd Cir. 1995), superseded on other grounds, *Estate of Knoster*, 200 Fed. Appx. 106, 111 n. 3 (3rd Cir. 2006), such testimony is nonetheless "inadmissible absent an adequate factual foundation demonstrating a rational link between the witness' observations and her ultimate testimonial conclusions." *Felton v. Felton*, 1999 U.S. App. LEXIS 12081 at *7 (II) (4th Cir. 1999). Here, no rational link exists between Little's perception of the force of the impact and her testimony about a particular speed for a fire truck that she never saw in motion.[2]

---

[2] Our opinions in *Western & Atlantic R. v. Thompson*, 38 Ga. App. 599 (144 SE 831) (1928), and *Rentz v. Collins*, 51 Ga. App. 783 (3) (181 SE 678) (1935) do not mandate a different result as they are factually distinguishable. In *Western & Atlantic R.*, the lay witness saw the train *after* it struck him and observed "the distance the train ran after striking him before stopping." 38 Ga. App. at 599. In *Rentz*, the witness's testimony was based upon more than just how the force of the impact felt. Specifically, that the witness's estimate of speed was based upon his familiarity with the speed of automobiles when he saw them running, the weight of his car which was struck by the defendant's car, and the way the defendant's car "dragged" his car after

Based upon the direct evidence that the fire truck was authorized under OCGA § 40-6-6 to enter the intersection against the red light and the absence of any evidence showing negligence on the part of the fire truck operator, we affirm the trial court's grant of summary judgment to the County.

*Judgment affirmed. Doyle, C. J. and Phipps, P. J., concur.*

---

the collision. 51 Ga. App. at 783. In contrast, here, Little's testimony was based solely upon how the collision felt in her chest.