**FOURTH DIVISION
DILLARD, P. J.,
MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**September 23, 2022**

# In the Court of Appeals of Georgia

A22A0768. CITY OF SANDERSVILLE v. USRY et al.

DILLARD, Presiding Judge.

Tonya Usry filed a personal injury action against the City of Sandersville, alleging that City employees' negligence resulted in a collision between her vehicle and a City waste collection truck. The City moved for summary judgment, which the trial court denied. On interlocutory appeal, the City contends the trial court erred, arguing (1) there was no genuine issue of material fact as to whether the waste collection truck's hazard lights were flashing when the collision occurred; (2) there was no evidence City employees were negligent; and (3) Usry's negligence was the proximate cause of the collision. We agree the trial court erred in finding there was a genuine issue of material fact as to whether the truck's hazard lights were flashing,

and so, we vacate its order and remand this case for further proceedings consistent with this opinion.

Viewed in the light most favorable to Usry (*i.e.*, the nonmoving party),[1] the record shows that on the morning of June 22, 2018, City employees Richard Brown and Jeffrey Burnett were driving a large—over eight feet tall and eight feet wide—waste collection "boom truck"[2] on their scheduled route to collect yard waste from City residents. The weather that morning was clear and dry, and the truck traveled eastbound on a straight, flat section of West Church Street. At approximately 8:20 a.m., Brown—the driver—activated the boom truck's flashing hazard lights and

---

[1] *See, e.g.*, *Swanson v. Tackling*, 335 Ga. App. 810, 810 (783 SE2d 167) (2016).

[2] *See Blackwell v. United Drywall Supply, Inc.*, 2009 WL 10672533, *1 (N.D. Ga. June 9, 2009) ("A boom truck is a vehicle weighing in excess of 26,000 pounds with a boom attached to the top of the truck to help unload materials."); *United States v. Manitowoc Co.*, 2002 WL 32060288, *10 (D.D.C. Dec. 11, 2002) ("A 'boom truck' is a . . . crane mounted on a standard flat-bed commercial truck chassis. This general-purpose mobile crane has a broad range of applications in the construction, petroleum, and utility industries. Although boom trucks are produced in many models and sizes, their nominal load lift ratings generally distinguish them as either light-, medium-, or heavy-lift cranes. A combination of highly desirable features sets medium- and heavy-lift boom trucks apart from all other types of cranes or lifting devices. These features include an ability to safely haul loads and travel at highway speeds from site to site, exceptional load lift (from 15 tons to 40 tons) and reach (40 feet to over 100 feet) capability, overall versatility, and general ease of use.").

stopped on the road in front of 701 West Church Street to collect a small amount of yard waste at that residence. As the truck stopped, Burnett exited the passenger side to begin collecting tree limbs and leaves.

Meanwhile, Usry—who was driving her SUV with her young daughter in the back of the vehicle—was also heading eastbound on West Church. Inexplicably, Usry did not see the boom truck, and moments after it stopped, her SUV collided into the rear of the City's vehicle without breaking or even slowing prior to impact. Usry suffered a serious injury to her arm and lost consciousness. But just as her SUV was about to catch fire, Burnett pulled Usry's daughter—who was not seriously injured—from the vehicle, while Brown and another City employee—who happened to be driving by at the time—extricated Usry before she suffered any further harm. Shortly thereafter, a fire engine arrived to extinguish the vehicle fire, and an ambulance transported Usry to the hospital. Following the accident, Brown and Burnett noticed that the boom truck's hazard lights were still flashing.

Approximately one hour after the collision, a Georgia State Patrol officer arrived to investigate the accident. Inspecting the boom truck, the state trooper observed that the rear of the vehicle was damaged, its hazard lights had been destroyed and were not flashing. And as for Usry's vehicle, based on the extent of the

3

damage, the trooper did not believe she was exceeding the 45 mph speed limit but could not definitively explain why she failed to see the boom truck—beyond opining that she was following too closely and the morning sun may have hindered her vision.

Subsequently, Usry filed a personal injury action against the City, alleging that the City employees' negligence caused the collision involving her vehicle and the boom truck. The City filed an answer, and discovery ensued, which included, *inter alia*, depositions of Usry, the two City employees, and the state trooper. After discovery closed, the City filed a motion for summary judgment, arguing Usry failed to submit any evidence that its negligence caused her to collide with the boom truck. Usry filed a response, and the trial court held a hearing on the issue. A few weeks later, the trial court denied the City's motion, ruling that "a genuine issue as to a material fact appears to exist regarding whether or not the municipal waste collection vehicle had its flashing hazard lights on at the time of the incident as required by law." The City then filed an application for an interlocutory appeal, which we granted. This appeal follows.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

4

to a judgment as a matter of law."[3] Importantly, if the movant meets this burden, the nonmovant "cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue."[4] Of course, if summary judgment is granted, it enjoys no presumption of correctness on appeal, and an appellate court must satisfy itself that the requirements of OCGA § 9-11-56 (c) have been satisfied.[5] In conducting this *de novo* review, we are charged with "viewing the evidence, and all reasonable conclusions and inferences drawn from the evidence in the light most favorable to the nonmovant."[6] Bearing these guiding principles in mind, we turn now to the City's specific claims of error.

---

[3] OCGA § 9-11-56 (c).

[4] *Handberry v. Manning Forestry Svcs., LLC*, 353 Ga. App. 150, 151-52 (836 SE2d 545) (2019) (punctuation omitted); *see* OCGA § 9-11-56 (e) (providing that the opposing party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits" or otherwise, "must set forth specific facts showing that there is a genuine issue for trial" to avoid judgment against him).

[5] *See Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010) ("Summary judgments enjoy no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met."); *accord Owens v. Progressive Premier Ins. Co. of Illinois*, 2022 WL 3972481, *1 (Sept. 1, 2022).

[6] *Benefield v. Tominich*, 308 Ga. App. 605, 607 (1) (708 SE2d 563) (2011) (punctuation omitted); *accord Mairs v. Whole Foods Mkt. Grp.*, 303 Ga. App. 638, 638 (694 SE2d 129) (2010).

1. The City first contends the trial court erred in ruling there was a genuine issue of material fact as to whether the boom truck's hazard lights were flashing when Usry's SUV collided with the rear of the City's boom truck. We agree.

It is a well-established principle that merely because "an accident occurred and a plaintiff suffered injury establishes no basis for recovery unless the plaintiff comes forward with evidence showing that the accident was caused by the defendant's negligence."[7] And here, the trial court denied the City's motion for summary judgment on the ground that a genuine issue of material fact existed regarding whether its boom truck had flashing hazard lights on at the time of the incident as required by law. And while not cited in its order, the statute to which the trial court referred is OCGA § 40-6-203 (c), which provides:

> Notwithstanding any other provision of law, any vehicle used solely for the purpose of collecting municipal solid waste or recovered materials . . . may stop or stand on the road, street, or highway for the sole purpose of collecting such waste or materials; provided, however, that such vehicle *shall maintain flashing hazard lights at all times that it is*

---

[7] *Brown v. DeKalb Cnty.*, 333 Ga. App. 441, 443 (777 SE2d 23) (2015) (punctuation omitted); *accord Kelly v. Fann*, 343 Ga. App. 351, 353 (807 SE2d 98) (2017).

6

*engaged in stopping or standing for the purpose of waste or materials collection.*[8]

But contrary to the trial court's order denying summary judgment, the record evidence supports the City's contention that the boom truck's hazard lights were flashing when Usry's SUV collided into the back of the City's vehicle.

In their respective depositions, both Brown and Burnett testified that they tested the boom truck's hazard lights prior to beginning their collection route. More importantly, both Brown and Burnett unequivocally testified that Brown activated the truck's hazard lights as he stopped on the road in front of 701 West Church Street prior to the accident. No direct evidence contradicted Brown and Burnett's testimony. Rather, Usry testified that, prior to the collision, she never saw lights or even the truck itself. And when asked if she recalled whether the boom truck's hazard lights were flashing prior to the collision, Usry reiterated that she did not remember seeing the truck, so she could not say whether the hazard lights were flashing. Similarly, the state trooper who investigated the accident testified that because the hazard lights were damaged by the collision, he did not know if they were flashing prior to the

---

[8] (Emphasis supplied).

7

accident and could neither confirm nor dispute Brown and Burnett's testimony that they had previously been activated.

Nevertheless, Usry argues—and the trial court agreed—that her testimony and the state trooper's testimony constitute circumstantial evidence that the boom truck's hazard lights had *not* been activated prior to the accident, thus creating a genuine issue of material fact and precluding summary judgment in the City's favor. But before circumstantial evidence can "have any probative value to rebut or contradict direct and positive testimony of an unimpeached witness of the alleged facts in question, such evidence must point at least more strongly to a conclusion opposite to the direct testimony."[9] Indeed, it is not sufficient that "such circumstantial evidence points equally one way or the other."[10] And here, Usry is correct that her testimony that she never saw the truck itself, or its hazard lights, prior to the collision provided

---

[9] *Tomeh v. Bohannon*, 329 Ga. App. 596, 600 (a) (765 SE2d 743) (2014) (punctuation omitted); *accord Handberry*, 353 Ga. App. at 157 (1); *see Brown*, 333 Ga. App. at 444 ("In ruling on a motion for summary judgment, a finding of fact that may be inferred from, but is not demanded by, circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists, provided that the circumstantial evidence may be construed consistently with the direct evidence." (punctuation omitted)).

[10] *Tomeh*, 329 Ga. App. at 600 (a) (punctuation omitted); *accord Handberry*, 353 Ga. App. at 157 (1).

circumstantial evidence to support an inference the boom truck's hazard lights were not flashing at the time of the accident. And the state trooper's testimony that the hazards were damaged and not flashing when he investigated the scene nearly an hour after the accident provided similar circumstantial evidence. But this inference is not demanded from Usry or the state trooper's respective testimony, because such testimony can also be construed consistently with the direct evidence provided by Brown and Burnette that the hazard lights *were* flashing *prior* to the collision.

Given these particular circumstances, Usry and the state trooper's testimony was insufficient to create a genuine issue of material fact on the question of whether the boom truck's hazards lights were flashing at the time of the accident.[11]

[11] *See Brown v. Dickerson*, 350 Ga. App. 137, 141-42 (828 SE2d 376) (2019) (reversing denial of homeowner's motion for summary judgment because plaintiff's circumstantial evidence that homeowner left extension cord on stairs causing her to trip was not sufficient to rebut direct evidence from homeowner that stairs were clear of any obstruction when he left him home prior to party attended by plaintiff); *Brown*, 333 Ga. App. at 444 (finding that because plaintiffs did not see or hear the fire truck before the collision provided circumstantial evidence to support an inference that the fire truck may not have been using an audible signal and flashing red lights, but because inference was not demanded from their testimony and could also be construed consistently with the direct evidence that the fire truck *was* using an audible signal and flashing red lights visible from a distance of 500 feet, it was insufficient to create a genuine issue of material fact); *Tomeh*, 329 Ga. App. at 599-600 (a) (reversing denial of summary to defendant doctor because plaintiff's circumstantial evidence that doctor established doctor-patient relationship did not rebut defendant doctor's direct evidence that he never treated plaintiff); *Charles v.*

Accordingly, the trial court erred in denying the City's motion for summary judgment on this specific ground.

2. In two separate enumerations of error, the City also contends the trial court erred in failing to grant summary judgment because there is no genuine issue of material fact to support the claim that the City employees acted negligently in any way and because Usry's negligence in failing to see the City's boom truck was the sole proximate cause of the accident. But this Court is not at liberty to review either of these issues at this time.

As previously noted, in denying the City's motion for summary judgment, the trial court found that "a genuine issue as to a material fact appears to exist regarding whether or not the municipal waste collection vehicle had its flashing hazard lights on at the time of the incident as required by law." But the court's one-paragraph order makes no mention of—or contains any rulings as to—the City's additional two arguments asserted on appeal. So, while this Court has discretion to consider whether

*Glover*, 258 Ga. App. 710, 711-12 (574 SE2d 910) (2002) (affirming summary judgment for defendant because testimony of driver of vehicle in which plaintiff was a passenger that he did not see defendant's car or headlights prior to accident was only circumstantial evidence that defendant's headlights were not on and did not rebut defendant's direct testimony that he turned on his headlights before the accident).

10

a summary-judgment ruling is right for any reason,[12] the City essentially urges us to

engage in a "wrong-for-any-reason" analysis, which we cannot do. Importantly, when

this Court reviews a decision of a trial court on a motion for summary judgment, it

"sits as a court for the correction of errors of law."[13] Suffice it to say, an error of law

has "as its basis a specific ruling made by the trial court."[14] And given what we are

able to glean from the record, including most crucially the trial court's specific ruling

on summary judgment, it does not appear the trial court ever considered the City's

additional arguments, much less ruled upon them.[15] Again, there are instances when

---

[12] *See City of Gainesville v. Dodd*, 275 Ga. 834, 835 (573 SE2d 369) (2002). (holding that "under the 'right for any reason' rule, an appellate court will affirm a judgment if it is correct for any reason, even if that reason is different than the reason upon which the trial court relied." (punctuation omitted)).

[13] *Earls v. Aneke*, 350 Ga. App. 455, 460 (1) (829 SE2d 661) (2019) (punctuation omitted).

[14] *Id.* (punctuation omitted); *accord Piedmont Hosp., Inc. v. D. M.*, 335 Ga. App. 442, 448 (3) (779 SE2d 36) (2015).

[15] *See Earls*, 350 Ga. App. at 461 (1) (refusing to address issue on appeal that trial court clearly did not consider); *Auto-Owners Ins. Co. v. Hale Haven Props., Inc.*, 346 Ga. App. 39, 53 (3) (a) (815 SE2d 574) (2018) ("Although both parties' timeliness arguments were raised in the trial court, the record does not show that the trial court addressed them. Thus, if we were to conclude that the trial court erred, it would be on account of an issue never ruled on below." (punctuation omitted)). Relatedly, in response to the City's contention that there is no evidence the City employees acted negligently, Usry argues that even if the boom truck's hazard lights

11

this Court will "review a record and determine that a summary judgment ruling was right for a reason other than the one given by the trial court, but it is improper for us to consider whether the trial court was wrong for any reason."[16] Consequently, without a ruling on these specific questions, these issues are "outside the proper scope of our review."[17] Thus, we decline to address the City's additional claims of error.

For all these reasons, we vacate the trial court's order denying the City's motion for summary judgment on the ground that there is a genuine issue of material fact on the question of whether the boom truck's hazards lights were flashing at the

---

were flashing at the time of the accident, "compliance with OCGA § 40-6-203 (c) does not insulate a waste disposal company from liability for negligence claims." *Sinclair Disposal Svc., Inc. v. Ochoa*, 265 Ga. App. 172, 174 (593 SE2d 358) (2004). As a result, Usry claims that denial of summary judgment was still proper; but we likewise decline her invitation to address an argument the trial court never ruled upon.

[16] *Earls*, 350 Ga. App. at 460-61 (1) (punctuation omitted)); *see Auto-Owners Ins. Co.*, 346 Ga. App. at 54 (3) (a) ("And although in certain instances an appellate court can review a record and determine that a summary judgment ruling was right for some reason other than that given by the trial court, an appellate court should not consider whether the trial court was 'wrong for any reason.'" (punctuation omitted)).

[17] *Earls*, 350 Ga. App. at 461 (1); *see Auto-Owners Ins. Co.*, 346 Ga. App. at 54 (3) (a) (holding that unruled upon arguments are beyond the proper scope of appellate review).

time of the accident, and remand the case for further proceedings consistent with this opinion.

*Judgment vacated and case remanded. Mercier and Markle, JJ., concur.*